STEELE v. THE CENTRAL RAILROAD OF IOWA.

1. **Railroads:** CONTRIBUTORY NEGLIGENCE. Where a brakeman attempted to pick a coupling pin from the track as a train was slowly backing towards him, having first signalled the fireman who was in charge of the locomotive to stop, and was injured by the failure of the fireman to obey the signal, he was *held* to be free from contributory negligence depriving him of the right to recover.

2. ———: ———: INSTRUCTION. An instruction to the effect that plaintiff was entitled to recover for the injury if he did not *by his own carelessness* contribute thereto, was *held* to be correct.

3. **Instruction:** STATEMENT OF FACT. A fact may be stated hypothetically in an instruction, the question of its existence being left to the consideration of the jury.

4. **Railroads:** NEGLIGENCE OF EMPLOYE. It does not constitute negligence for an employe of a railroad company to step on the track, in the course of duty, in the way of a train backing down toward him, if he has reason to believe the train will be stopped before reaching him.

5. **Constitutional Law:** JURY FEES. Chapter Thirty-Two, Laws of 1874, which authorizes jury fees to be taxed as a part of the costs of a case, is not in conflict with the constitution. Following *Adae & Co. v. Zangs,* 41 Iowa, 536.

*Appeal from Mahaska District Court.*

THURSDAY, APRIL 20.

ON the 22d day of July, 1874, plaintiff was in the employ of defendant as a brakeman on a freight train. He was on the train going north in the discharge of his duties and, while switching at Scarsboro, on defendant's road, he was struck by the train, thrown under the wheels, which passed over and crushed one of his arms, and otherwise injured him. His arm was afterward amputated above the elbow and thus rendered useless. He seeks in this action to recover damages for these injuries, occasioned as he alleges by the negligence of the employes of the defendant. There was trial by jury, verdict for plaintiff for $4,000, and defendant appeals. The further facts in the case appear in the opinion.

*Seevers & Cutts*, for appellant.

Where the facts of the case are undisputed, the question whether or not the plaintiff was guilty of contributory negligence is one of law for the court. (*Gahagan v. B. & L. R. Co.*, 1 Allen, 187; *Todd v. Old Colony R. Co.*, 3 Id., 21; *I. & C. R. Co. v. Rutherford*, 29 Ind., 83; *Wild v. Hudson R. Co.*, 24 N. Y., 430.) If one attempts to cross a railroad track on a public highway without looking or listening for a train and is injured, he cannot recover. (*Wild v. Hudson R. Co., supra; Wilcox v. Rome R. Co.*, 39 N. Y., 358; *Artz v. C. R. I. & P. R. Co.*, 34 Iowa, 153.) If a passenger attempts to get on a train in motion he is guilty of negligence. (*Phillips v. Renssalaer R. Co.*, 49 N. Y., 177.)

*W. S. Kenworthy*, for appellee.

The instructions in the case are supported by *Artz v. C. R. I. & P. R. Co.*, 34 Iowa, 153; *Bergert v. D. C. R. Co.*, 34 Id., 571; *McDonald v. C. & N. W. R. Co.*, 29 Id., 170; *Greenleaf v. I. C. R. Co.*, 29 Id., 14; *Hunt v. C. & N. W. R. Co.*, 26 Id., 363; *Kroy v. C. R. I. & P. R. Co.*, 32 Id., 357.

ROTHROCK, J.—The following are the conceded facts in the case: When the train came in from the south, it pulled up north of the switch, and backed down on the switch or side track, and unloaded some freight at the station, which is between the main track and switch. An order was given by the conductor to set out a certain Red Line car. The engineer was not then on the engine, and the fireman moved the train up north of the switch, on the main line, and the plaintiff cut off the part of the train in the rear of the Red Line car which was to be left, and the cars thus cut off backed down on the main track. The plaintiff then went between the Red Line car and the car next north of it, and pulled the pin, and laid it on the bumper of the Red Line car. After it was thus uncoupled and moving towards the switch, there being an opening between it and the train, the pin fell off the bumper

on the track; the train being still in motion, and moving slowly, the plaintiff either being on the track, from the time he pulled the pin, or stepping on, pushed the pin along with his foot, and stooped to pick it up, and while in the act of stooping was struck by the train, thrown down, and received the injuries.

The defendant insists that plaintiff was guilty of negligence which contributed to the injury, by going on the track 1. RAILROADS: contributory negligence. to pick up the pin, when the train was in motion; that it was no duty enjoined on him, and that by his act he took the risk on himself. As to the movement of the train, and the signals which were given by the plaintiff to the fireman, there is a conflict in the evidence. It is, however, conclusively established, that at the time the plaintiff pulled the pin, the train was moving slowly, and that plaintiff *then signaled the fireman to stop the backward movement*, and that the speed did perceptibly slacken, and there is evidence to the effect that the speed was again increased, just before the plaintiff was struck.

If the plaintiff gave signal to the fireman to stop, his duties with relation to the movement of the train were such, being the proper person to give signals, that he was warranted in believing that his signal would be obeyed, and if in that belief, and seeing that it had checked speed, he attempted to take the pin from the track, and at the time there was no danger to be reasonably apprehended, he was guilty of no contributory negligence. And if the fireman disregarded the signal to stop, but increased the speed about the time plaintiff attempted to get the pin, he was guilty of negligence. The fireman testifies, that after the pin was pulled, and while the train was backing, the plaintiff made a motion with his arm which he understood to be a signal to back. This the plaintiff explicitly denies. As to the question of negligence of the fireman, and contributory negligence of plaintiff, the jury were warranted in finding as they did. We have not given all the testimony, but a careful reading has satisfied us that this court, under the rule so often given, ought not to interfere with the verdict as being against the evidence.

II. Defendant contends that the jury were misled by erroneous instructions of the court. Exception is taken to the second instruction, which is as follows:

"It devolved on the plaintiff to have proved, in order to maintain his action, that the accident by which he was

2. ——: ——: injured was caused by the negligence of his co-
instruction. employes; and that he, by his own carelessness, did not contribute thereto." It is claimed that this directs the jury that plaintiff can only be guilty of contributory negligence when careless. Carelessness and negligence are synonymous, and we fail to comprehend the force of the objection made by defendant's counsel. If one contribute to his injury without negligence, he does not come within the rule of contributory negligence. Negligence must exist to fill the condition of the rule.

It is claimed that the court erred, in paragraph four of its instructions, by saying to the jury that the "fireman was

3. INSTRUC- inexperienced." This expression is stated with a
TION : state-
ment of fact. group of facts hypothetically, and is not assumed as a fact by the court, but left to the jury, to be considered by them, if found to be true. However this may be, taking the whole paragraph, there is nothing tending to mislead, for in the concluding part the jury are told that, if the fireman handled the train in a proper manner, it was immaterial whether he was skilled or not.

The defendant in substance asked the court to instruct the jury that if the plaintiff, knowing that the train was in

4. RAILROADS : motion, stepped on the track, was struck, and
negligence of
employe. injured, he could not recover. This the court gave, modified as follows: "Unless you find he had good reason to believe that the train would stop before it could possibly interfere with him, and his duty called him there, or the motion of the train was accelerated when it ought not to have been, without a signal from him."

This modification was warranted by evidence in the case. The defendant insists that the fact of the plaintiff going on the track when the train was in motion, and in close proximity, is of itself contributory negligence. It undoubtedly would

be if the plaintiff were not in the employ of the company. To hold the proposition contended for to be correct would be to ignore the testimony as to the plaintiff being the proper person to signal the train, and as to the signals which were actually given, and as to the slacking of the speed, and the increase thereof about the time plaintiff attempted to pick up the pin.

The instructions taken together contain the law applicable to the rights of the parties, their duties and obligations, as laid down by this court in numerous cases, and which in this class of cases is now so well settled as to admit of but little discussion or liability to mistake.

III. The defendant presents the question of the constitutionality of Chapter 32, Acts of 1874, which provides for taxing $24 per day jury fees as costs. This act has been by this court held to be constitutional and valid, and with that decision we are content. See *Adae & Co. v. Zangs*, 41 Iowa, 536.

5. CONSTITU-
TIONAL law:
jury fees.

AFFIRMED.

SEEVERS, CH. J., having been of counsel in this case, took no part in its determination in this court.