# SUPREME COURT,

## STATE OF KANSAS.

# JANUARY TERM, 1881.

PRESENT:

Hon. ALBERT H. HORTON, Chief Justice.
Hon. DANIEL M. VALENTINE, ⎱ Associate Justices.
Hon. DAVID J. BREWER, ⎰

---

The Union Trust Company, as *Trustee, etc.,* v. William
C. Thomason.

Employé of Railroad Company, *Injuries to ; Measure of Recovery.* The
plaintiff was in the employment of the Union Trust Company, then op-
erating and controlling the Missouri, Kansas & Texas railway, as a track-
man, whose principal duty consisted in repairing the track of the railway,
To facilitate the work, the trackmen, or "section gang," were furnished
by the company with a hand-car, operated by the men of the "gang,"
which enabled them to rapidly transport themselves and their tools from
one portion of the track to another. A place was appointed at station S.,
in which, when not in use, the hand-car and tools were kept; and at the
close of the day's labor on the track, it was the duty of the men to trans-
port the hand-car and tools to this station, and there properly dispose of
them until required the next day. On April 30, 1878, the plaintiff, at
the close of his work on the track, was ordered by his foreman to put his
tools on the hand-car, and to get on himself, which order he obeyed —
the employés occupying three hand-cars, and the plaintiff riding upon
the middle car. On the way to the station, the rear car was propelled so
fast by the men upon it that it, by the culpable negligence of the men
operating it, was thrown against the middle car, which could not escape,
in consequence of the nearness of the forward car, and thereby the mid-
dle car was thrown from the track, and the plaintiff seriously hurt. *Held,*
The plaintiff was injured while in the line of his duty, and that he was
within the provisions of the act of February 26, 1874, defining the lia-
bility of railroad companies in certain cases. (Comp. Laws 1879, p.784,

1—25 KAS.

Union Trust Co. v. Thomason.

§ 4914.)   And further, *held*, that he was entitled to recover for all damages received by him in consequence of the culpable negligence or mismanagement of his coëmployés.

### Error from Davis District Court.

ACTION brought by *Thomason* against the *Union Trust Company*, as trustee of the Missouri, Kansas & Texas railway company, to recover damages for personal injuries. Trial at the February Term, 1880, of the district court, and judgment for the plaintiff for $2,000 damages and costs. The defendant brings the case to this court. The opinion states the facts.

*David Kelso*, for plaintiff in error.

*McClure & Humphrey*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action to recover damages for injuries which the defendant in error, William C. Thomason, alleges that he suffered by reason of the negligence of the employés of the Union Trust Company, operating and controlling the Missouri, Kansas & Texas railway.   In substance, the case of the plaintiff below was this: His evidence conduced to show that he was in the employment of the Trust Company, as a trackman, whose principal duty consisted in repairing the track of the company's railway.   He with several others formed a squad, which worked under the directions and orders of a foreman, named Owen Buckley, called a "section boss."   Their station or headquarters was at Skiddy, and they were appointed to keep in repair several miles of track leading from their station.   To facilitate their work, and enable them to rapidly transport themselves and tools from one portion of the track to another, the company furnished them, as a part of their equipment, a hand-car, which was operated by the men upon the railway track.   A place was appointed at Skiddy in which, when they were not in use, the tools and hand-car were safely kept.   At the close of the day's labor

on the track, it was the duty of the section-men to transport the hand-car and tools to the station, and there properly dispose of them until required for the next day's use. On the day Thomason was hurt, April 30, 1878, three sets of men were engaged upon the track. One was called the stone-mason gang, one the floating gang, and another the section gang. Thomason was one of the last. These gangs had been at work at different places on the track, extending south of the station of Skiddy as far as seven or eight miles. After labor had ceased upon the track, and about 6 o'clock P. M., they started for Skiddy with their tools upon three hand-cars, all going upon a single track. The hand-cars were propelled by a lever, worked by the men. The men of the section gang stopped work on the track and got upon a hand-car by order of Buckley, their foreman. Thomason, with eight or ten men, was riding on the middle hand-car. At a place about two miles south of Skiddy the three cars were together, and all the men loaded thereon. The rear car was propelled by the men upon it so fast that it was thrown against the middle car, which could not escape, in consequence of the near position of the forward car. The pressing and bumping of the rear car against the middle car threw the latter from the rails, throwing Thomason from it prostrate upon the track, in which position the car ran over him and inflicted very severe injuries. Before the middle car was thrown from the track, the foreman Buckley, riding on the rear car, was warned by some of the men that unless the speed of his car was checked there would be a collision and some of the men hurt, and he was requested to apply the brakes, which he refused to do. Soon after, the collision and injury occurred. Upon the foregoing facts, Thomason claimed to recover under the act of February 26, 1874, defining the liability of railroad companies in certain cases. Section 1 reads as follows:

" Every railroad company organized or doing business in this state shall be liable for all damages done to any employé of such company in consequence of any negligence of its agents, or by any mismanagement of its engineers or other

employés, to any person sustaining such damage." (Comp. Laws 1879, p. 784, § 4914.)

The provisions of this act are substantially the same as those of the Iowa statute of 1862, and as the supreme court of that state had judicially construed the statute to apply to those engaged only in the hazardous business of operating railroads, before its adoption in this state, this construction follows it here. Under the instructions of the court, the jury found that Thomason was embraced within the provisions of the statute, and returned a verdict of $2,000 damages.

Objections are taken by the company to the instructions — First, on the ground that the accident occurred after quitting-time, after the day's work was done, and so late that all the men would then have been at home had they started promptly after their work was over; and second, as the employment of Thomason was that of a laborer in repairing the railroad track, the statute of 1874, within the Iowa decisions, does not apply to the case.

The first objection is fully answered by the evidence. The foreman, Buckley, testified that the delay in returning to Skiddy was owing to the men being compelled to wait for the hand-car to be returned from going to the construction gang, where he had permitted it to be taken by some parties. He also testified that Thomason "was under his orders at the time of the accident." Thomason testified: "After they quit work on the track, his duty was to put the tools on the hand-car, transport them to the station [Skiddy], put them into the tool box and put the hand-car on the side-track; that at the time he quit work on the track on the day of the accident, his foreman gave him orders to put the tools on a hand-car; that he said to the foreman there was no room on the front car, and was told to put the tools on and get on wherever he could." This, with the other evidence, clearly shows that his duties had not ceased at the time of the accident; that he rode on the hand-car, under orders, as an employé of the company, because he was an employé, where other servants and employés rode.

The second objection is likewise untenable. The statute does not embrace those only who are engaged in running cars or trains with engines fastened thereto, or those only injured by such trains. In *Deppe v. C. R. I. & P. Rld. Co.*, 36 Iowa, 52, 55, (1872,) the court rested the affirmance of a judgment of $7,000 in favor of a laborer who had been crippled for life by the fall of a bank of clay while he was shoveling up loose dirt on a car, on the ground that where the employment is entire and a part of the continuous services relating to the perilous business of railroading, it brings the case within the statute and its constitutional limit. In *Frandsen v. The C. R. I. & P. Rld. Co.*, 36 Iowa, 372, (1873,) the party injured and complaining was a section hand, occupied with a line of employment similar to that of Thomason, on the road of this company. It was insisted before the court in that case that the section hand was not within the statute—that he was not engaged in operating a railroad, etc. The court, after citing the cases which counsel here cites in his brief, and which counsel before that court seems to have relied on, then remarks: "In view of all the facts and the entire argument, the plaintiff was, it seems to us, in the language of the first case above cited, 'engaged in the business of a railroad company;' or, in the language of the second, 'he was engaged in operating the road, and the like;' or, in the language of the last case, 'his service related to the perilous business of railroading.'"

Again, in *Schroeder v. Chicago &c. Rld. Co.*, 47 Iowa, 375, a person employed by a railway company at the work of taking down and removing a bridge, who was compelled by orders of his superior to go upon one of the company's trains, and while so doing was injured, was engaged in operating the road within the statute, and was entitled to damages.

In *Lombard v. C. R. I. & P. Rld. Co.*, 47 Iowa, 494, the plaintiff was employed by the defendant in repairing its roadbed. At the time of the accident he was assisting in running a hand-car, and with other employés was returning to dinner. They occupied, as in this case, three hand-cars; the plaintiff

was riding upon the foremost one. The accident occurred by the second car overtaking the first car, and running upon and against it, and throwing it partly from the track, whereby the plaintiff was thrown off and his leg broken. The court held that the employé was entitled to recover on account of the negligence of his cöemployés.

In the late case of *Pyne v. Chicago &c. Rld. Co.*, 11 Cent. L. J. 55, a detective in the employ of a railroad company, and an engineer operating an engine on the road, are held to be fellow-servants or cöemployés. It was further held in the case, that the detective was within the statute, under the following circumstances: He was employed by the railway company to apprehend certain parties, and was directed to walk along the track of the road to a house by the roadside. As he was walking along on the track, in obedience to his instructions, he was, from sunstroke or some other cause, prostrated upon the track in an insensible condition, and while in that condition he was injured by the engineer of a passing train negligently running the train upon him. In the opinion the court says: "The statute does not embrace those only who are engaged in the operation of a railroad in running trains. Trackmen, switchmen, and others, whose duty requires them to be upon the track, are more or less exposed to the hazards of the business of railroading, and such employés, when injured by the use or operation of the road, and by the negligence of cöemployés, are as plainly within the provisions of the statute as those whose duty requires them to assist in the running of trains. The proper test in determining the question is, does the duty of the employé require him to perform service which exposes him to hazard peculiar to the business of using and operating a railroad? If it does, and if, while in the line of his duty, he, by the negligence of a cöemployé, receives an injury from a passing train, or from other appliances used in the use and operation of the road, he may recover."

Some of these decisions are under the provisions of the Iowa statute of 1873, but as that act simply conforms to the stat-

ute of 1862, as construed and limited by judicial construction, they are authority in cases under like or similar statutes.

Upon an examination of all the instructions, we are clearly satisfied that the plaintiff in error was not prejudiced. Several of the instructions are erroneous, and unfavorable to the defendant in error. He has more reason to complain than the plaintiff in error; but as he seems satisfied with the final result of the action, we cannot interfere in his behalf.

The judgment of the district court will be affirmed.

All the Justices concurring.