Bucklew. v. The Central Iowa Railway Co.

REVERSED.

---

## BUCKLEW v. THE CENTRAL IOWA RAILWAY CO.

1. **Railroads:** INJURY TO CAR-COUPLER: CONTRIBUTORY NEGLIGENCE: QUESTION FOR JURY. It cannot be said as a matter of law that an employe of a railroad company, who, after giving the proper signal for the train to stop, steps upon the track to make a coupling, without waiting to see whether his signal will be obeyed or not, is guilty of contributory negligence in so doing; but the question is a proper one to be submitted to the jury with all the facts in the case. *Beems v. C., R. I. & P. R'y Co.,* 58 Iowa, 150, and *Berry v. Central R'y Co.,* 40 Iowa, 564, followed.

2. ———: ———: RULE OF COMPANY: DISCRETION IN OBEYING: CONTRIBUTORY NEGLIGENCE: QUESTION FOR JURY. A rule of a railroad company in these words: "In all cases of doubt, take the safe side and run no risks," implies that an employe must exercise judgment and discretion in determining whether there is danger in doing a thing in a

certain way or at a certain time; and, in case he does in fact incur danger and is injured, he is not necessarily guilty of contributory negligence,. but it is a question for the jury whether he failed properly to exercise the discretion with which he was vested.

3. ———: ———: SIGNALING FROM WRONG SIDE : CONTRIBUTORY NEG-LIGENCE : QUESTION FOR JURY. The usual position of an employe desiring to make a signal for the purpose of controlling the movements of a train, when not on a curve, is on the engineer's side; but when there was evidence that the train had just passed a curve, on which a signal could not have been seen on the engineer's side, it was a question for the jury whether the plaintiff was negligent in signaling from the other side.

4. ———: ———: CONTRIBUTORY NEGLIGENCE : WHAT IS NOT. If an employe of a railroad has a duty to perform in front of a train, which requires his presence on the track, and he takes the usual and ordinary precautions for his own protection before going upon the track, it cannot be said that he is necessarily guilty of such contributory negligence as will prevent his recovering for an injury inflicted by the carelessness of his co-employes, though he may have been informed that there is danger in so doing.

5. ———: CODE, § 1307: CONSTITUTIONALITY. Section 1307 of the Code does not contravene the fourteenth amendment to the constitution of the United States, because it subjects railroad companies to liabilities and penalties to which other persons and corporations are not subjected. The doctrine of *McAunich v. M. & M. R'y Co.*, 20 Iowa, 338, followed.

6. ———: INJURY BY CO-EMPLOYE: INSTRUCTIONS. In an action against a railroad company for an injury inflicted by the negligence of a co-employe, it is the better rule for the court to state to the jury the particular ground of negligence set out in the petition, and say to them, in clear and explicit terms, that, to entitle plaintiff to recover, he must establish the particular negligence thus stated.

7. ———: INJURY TO CAR-COUPLER: INCOMPETENT EVIDENCE OF CUS-TOM IN INCURRING DANGER. In this action, to recover of the defendant for an injury inflicted through the carelessness of co-employes upon the plaintiff, while attempting to couple cars, plaintiff was asked: "What was the usual custom about going in to make couplings, or going in to get links or pins, after giving the signal, as to delaying or waiting till trains stop or not?" to which, over defendant's objection, he was permitted to answer: "They do not stop." *Held* that in this there was error, because the case is an exceptional one, and the facts as shown by the evidence do not bring it within the custom.

*Appeal from Jasper District Court.*

THURSDAY, OCTOBER 23.

THE plaintiff was a brakeman on a freight train, and claims

to have been injured by reason of the negligence of the engineer and fireman in failing to obey a signal given by him to stop the train, so that he could with safety make a coupling it was his duty to make. The plaintiff claims to have been free from negligence on his part. Trial by jury and judgment for the plaintiff. The defendant appeals.

*H. E. J. Boardman, J. H. Blair* and *A. C. Daily,* for appellant.

*John F. Lacey* and *H. S. Winslow,* for appellee.

Seevers, J.—There was evidence tending to show the following facts: There was a freight train, consisting of an engine and several freight cars, which was moving north, for the purpose of coupling thereto a car which was standing on a side track, and it was the plaintiff's duty to make such coupling. For this purpose the train was under his charge and control. As the train moved north, the plaintiff preceded it a short distance, and, because there was no link in the south end of the car standing on the track with which to make the coupling, he gave a signal to stop the train, and, without waiting to see whether it was obeyed, he passed on to the north end of the car and stepped on the track for the purpose of procuring a link with which to make the coupling. While engaged in the performance of this duty, the train struck the south end of the car, thereby causing it to run over the plaintiff, seriously injuring him. When the plaintiff stepped on the track, he could not see the employes in charge of the train, nor could they see him, but they had knowledge that he was in such position, and what he went there for. The employes of the plaintiff understood the signal given to be to "go slow," and to this extent it was obeyed. The manner in which the signal was given was repeated and explained in the presence of the jury, and, conceding that the evidence was conflicting, the jury were warranted in finding that the signal given was to stop the train. The plaintiff was not required

in the performance of his duties to step on the track until the train came to a stand; that is to say, he could have waited until then, and in so doing would not have violated any of the rules, or his obligations to the company. When the signal was given the train was moving at the ordinary switching speed. There was on the train another brakeman, and the plaintiff saw that he recognized the signal and repeated it to the engineer or fireman before he stepped on the track.

I. The court instructed the jury that the plaintiff "had a right to believe that the signal would be properly obeyed, and had a right to act on such belief." It is insisted that this instruction is erroneous, and that, under the undisputed evidence, the plaintiff cannot recover, because, as a matter of law, it appears he was guilty of contributory negligence. Counsel for the appellant have exhibited commendable industry in the citation of authorities, which, it is insisted, are analagous, but in none of them were the facts like those in the case at bar. The general rule applicable to this class of cases is well understood. The difficulty lies in its application to the particular case in hand. It is well understood that a person who is reckless, and is injured because of his own negligence, cannot recover damages for such injury. The question is whether the plaintiff was negligent as a matter of law in stepping on the track under the circumstances, and while the train was in motion, without waiting to see whether his signal would be obeyed. The only case in which this precise question has been determined, which has come under our knowledge, is *Beems v. C., R. I. & P. R'y Co.*, 58 Iowa, 150. In that case the decedent was attempting to uncouple certain cars while the train was in motion, and he gave a signal to check the speed of the train, and, without waiting to see whether it was obeyed or not, stepped between the cars, and was injured. It was held that he was not "necessarily guilty of contributory negligence." We are unable to distin-

1. RAIL-ROADS : injury to car-coupler: contributory negligence: question for jury.

guish that case from this, and, to a considerable extent, at least, the same may be said in relation to *Berry v. Central R'y Co.*, 40 Iowa, 564, where a car repairer went under a car on a side track for the purpose of repairing the same, with the knowledge of an employe in charge of the track, and movements of trains at that place, and it was held that he had a "right to suppose that no cars would be switched upon that track without notice to him, or, at least, that the switching would be done in a reasonably careful manner."

The only material difference between this case and *Steele v. Central R'y Co.*, 43 Iowa, 109, is that the plaintiff in that case saw that the signal to check the train was being obeyed at the time he attempted to pick up the pin which lay on the track, and it was said in that case that he was "warranted in believing his signal would be obeyed."

The fact that the plaintiff went on the track before the train stopped should not alone prevent his recovery, unless he was negligent in so doing. To have so waited would have caused delay, and we apprehend railway companies expect their employes to avoid all delays possible. The necessities of the business, and due regard to the safety of trains, their own and the lives of others, require prompt action on the part of employes in charge of trains. While this is true, recklessness cannot be tolerated. It is not believed that any general rule can be laid down. Therefore it is, and must ordinarily be, a question for the jury, whether an employe of a railway company, whose duty it is to couple and uncouple cars attached or to be attached to a train, is or is not negligent, when he goes on the track in front of a moving train in the performance of such duty. The plaintiff was rightfully on the track, and it cannot be said that he was guilty of negligence, if he took the ordinary and usual precautions for his own protection before he placed himself in that position.

In relation to the *Pennsylvania Co. v. Hankey*, 93 Ills., 580, we only deem it necessary to say that the question in

that case was whether the appellee, in the exercise of proper care, should have made an attempt to make a coupling when the train was moving, knowing it was dangerous to do so, because of the construction of the track along which he was required to walk while attempting to make the coupling.

Counsel insist that the rule which requires travelers who are about to cross a railway track to ordinarily look and listen for an approaching train should be applied to employes who are required to go on the track in the performance of their duties. But we think such rule should not be strictly applied to an employe who is engaged in making up trains which must, in a great measure, require his undivided attention. The traveler looks, listens and crosses the track, and his duty is ended. This is not so with an employe engaged in making up trains. For it is undoubtedly true that frequently several cars are to be uncoupled, and others coupled to the train. Considerable time is therefore required. If an employe so engaged were absolutely required to look and listen for approaching trains, or unexpected movements of the train in his charge, his usefulness would be greatly impaired. We think the question as to the duty of such an employe to look and listen for the movements of trains before he steps or walks on the track must be left to the jury to determine, and, therefore, it cannot be said that the plaintiff, as a matter of law, was guilty of negligence. *Ominger v. N. Y. Central R. R. Co.*, 4 Hun., 159; *Snow v. Housatonic R. Co.*, 8 Allen, 441; *I., B. & W. R'y Co. v. Carr*, 35 Ind., 510; *Crowley v. B., C. R. & N. R'y Co.*, decided at Council Bluffs term.*

II. Rule 59 of the company is in these words: " In all cases of doubt, take the safe side and run no risk." The plaintiff had knowledge of this rule, and it is insisted that he disregarded it, and, therefore, he is not entitled to recover. The rule implies that an employe must exercise judgment

* Held for rehearing, and not yet published in the official reports. See 20 N. W. Rep., 467.

2. ——: ——: and discretion in determining whether danger
rule of com-
pany: discre-  exist if he does a thing in a certain way or at a
tion in obey-
ing: con-     certain time.   In this respect it is different from
tributory neg-
ligence:      other rules to which our attention has been called
question for
jury.         by counsel.   In *Ill. C. R. Co. v. Houck*, 72
Ills., 285, the rule was that only 110 pounds of steam should
be carried.   In *Shanny v. Androscoggin Mills*, 66 Me.,
420, the rule required that the machinery should be stopped
at a certain hour for the purpose of being cleaned.   In *Wol-
sey v. R. R. Co.*, 33 O. St., 227, coupling by hand was strictly
prohibited, and the employe was required to use a short stick.
Under these rules no discretion was left to the employe.   He
failed to obey them, either through recklessness or for his own
convenience.   As they were adopted for his benefit, or should
be regarded as just and proper, we can well see that an employe
should not recover damages for an injury received solely
because he disregarded such precautions.   The rule in *O'Neill
v. K. & D. M. R. Co.*, 45 Iowa, 546, and all other cases cited
by counsel, were of a like character.   It is difficult to say, when
judgment and discretion is devolved upon an employe by a
rule of the company, that he cannot recover damages for an
injury received because, as claimed, he failed to properly exer-
cise the discretion with which he was vested.   It seems to
us this is necessarily a question for the jury.

Besides this, the plaintiff gave a signal which should have
caused the train to stop.   Had this been done, the plaintiff
could have stepped on the track, as he did, with perfect
safety.

III.   The engineer occupies one side of the locomotive,
and the fireman the other.   The usual position of an employe
3. ——: ——:   desiring to make a signal for the purpose of con-
signaling
from wrong   trolling the movements of a train, when not on a
side: con-
tributory    curve, is on the engineer's side.   In the present
negligence:
question for  case, the plaintiff was on the fireman's side when
jury.         he gave the signal to stop the train.   It is claimed
the plaintiff cannot recover because he was not in his proper

place.   But there was evidence tending to show that imme-
diately prior to the time the signal was given the train passed
over a curve in the track, and that a signal given, while the
train was so passing, from the engineer's side could not have
been seen by him.   Now, conceding that the train had passed
a short distance beyond the curve, we cannot say that the
plaintiff was negligent in not more promptly passing to the
other side of the train before giving the signal.   If we should
so say, we would be usurping the province of the jury.

IV.   There was evidence tending to show that the plaintiff
had been told that it was dangerous to go on the track in front
of a moving train, and therefore he was guilty of
such negligence as will prevent his recovery; but
this does not follow.   Every employe must know
that it is more or less dangerous to step on the track in front
of a moving train which is but a short distance away, and
moving fast.   But if the employe has a duty to perform in
front of the train, which requires his presence on the track,
and he takes the usual and ordinary precautions for his own
protection before going on the track, it cannot be said that he
is necessarily guilty of such contributory negligence as will
prevent his recovery.

*4. ——: ——:
contributory
negligence:
what is not.*

V.   The court, in substance, instructed the jury that the
plaintiff, under section 1307 of the Code, was entitled to
recover if he was injured in consequence of the
negligence of a co-employe.   It is insisted that the
statute is in conflict with the fourteenth amend-
ment to the constitution of the United States, and there-
fore void.   The argument, briefly stated, is that, under the
statute, railroad corporations are subjected to penalties and
liabilities which other persons and corporations engaged in a
like business are not subjected to.

*5. ——: code,
§ 1307: con-
stitutionality.*

That the business of operating a railway is peculiarly
hazardous to employes engaged in the operation of the road,
must be admitted.   Counsel have not called our attention to
any business which is equally hazardous, and, as the statute

is applicable to all corporations or persons engaged in operating railroads, it seems to us it does not discriminate in favor of or against any one. We think it is a pure question of legislative discretion whether the same penalties and liabilities should be applied to carriers by canal or stage coach, or to persons and corporations using steam in manufactories, as is prescribed by statute in relation to railroad companies.

The provisions of section 30 of article 3 of the constitution of the state, and the fourteenth amendment to the constitution of the United States, are quite similar, if not in spirit identical, in so far as either can be said to prohibit the legislature from conferring excessive privileges on any person, or imposing penalties upon any corporation, which are not shared by others under like circumstances; and it was held in *McAunich v. The M. & M. R. Co.*, 20 Iowa, 338, that the statute under consideration did not conflict with the constitution of this state; and for like reasons we do not think it conflicts with the constitution of the United States.

VI. Several paragraphs of the charge of the court are criticised by counsel. After careful examination, we have

6. ——: injury by co-employe: instructions.

reached the conclusion that no part of it is erroneous, and that the case was fairly and fully placed before the jury, with, possibly, a single exception. In stating the issue to the jury, the court said that the plaintiff sought to recover by "reason of the negligence of other employes of defendant." While there is no well founded objection to this general statement, we think the better rule is to state to the jury the particular ground of negligence set out in the petition, and say to them in clear and explicit terms that, to entitle the plaintiff to recover, he must establish the particular negligence thus stated. Whether the failure to do this in the present case constitutes reversible error, we do not determine. We are not prepared to say that there was error in refusing the instructions asked by defendant.

VII. The plaintiff, when on the stand as a witness, was asked by his counsel the following question: "What was the

7. ———: injury to car-coupler : incompetent evidence of custom in incurring danger.

usual custom about going in to make couplings, or going in to get links or pins, after giving the signal, as to waiting or delaying till trains stop or not." An objection to this question was overruled, and the witness answered, "They don't wait." Other evidence as to the custom of the employes was elicited in reply to other questions which were objected to.

Conceding, for the purposes of this case, that it was competent to prove the existence of the custom, as to which, however, some of us are doubtful, still we think the court erred. in the admission of the foregoing evidence. The question was general, and, when answered by the witness as he did it, amounted to this, that under any and all circumstances such was the custom and habit of the employes, and the tendency of the evidence was to establish the material proposition that the plaintiff was justified in going on the track as he did. We can readily see that couplings are made when the train is in motion. The cars to be coupled must come together with more or less force, and, after giving a signal for the purpose of regulating the speed of the train, we can readily see that an employe must go between the cars while some of them are in motion for the purpose of making the coupling, or to do any other necessary act. But this case is different. Now, conceding. the competency of evidence showing the custom, or the usual way couplings are made, it should be made to appear that the facts of this case bring it within the custom. This case is exceptional, and ordinarily a general custom cannot be applicable to an exceptionable case. The custom proved, no doubt, applies to ordinary couplings, which must of necessity be made by the employes going between the cars when they are in motion. But it was not necessary that the plaintiff should step on the track to get the link while the train was in motion.

As bearing somewhat on this question, see *Kroy v. R. R. Co.*, 32 Iowa, 357; *Hamilton v. R. R. Co.*, 36 Id., 31; *O'Neill v. R. R. Co.*, 45 Id., 546, and *Ferguson v. R. R. Co.*, 58 Id.,

293. The court therefore erred in the admission of the evidence above referred to. Many other errors are assigned, which we have not specifically noticed, because they are not deemed to be well taken. For the error above indicated the judgment must be

REVERSED.