NICHOLS v. THE CHICAGO, ROCK ISLAND & PACIFIC R'Y CO.

1. **Railroads:** COUPLING CARS: RIGHT TO PRESUME UPON OBEDIENCE TO SIGNALS. Where a brakeman, about to couple cars, has given a signal for the moving cars to stop, he has a right to presume that it will be obeyed, and in acting upon such presumption he will not be guilty of negligence, unless he knows, or by the exercise of ordinary care might know, that his signal has been misunderstood, or is being disobeyed, in which case he will not be justified in acting upon the presumption. [But compare *Deeds v. Chicago R. I. & P. R'y Co., post,* 163, where there was a rule of the company against such presumption. —REP.]

2. **Practice:** DIRECTING VERDICT: VERDICT AGAINST EVIDENCE AND INSTRUCTIONS. Where upon plaintiff's own evidence it is clear that he has no right to recover, the court should sustain a motion to direct the jury to return a verdict for the defendant; but where this is not done, and the cause is submitted to the jury with instructions, and the jury bring in a verdict contrary to the evidence and instructions, it should be set aside.

*Appeal from Washington District Court.*

WEDNESDAY, JUNE 16.

THIS action is for the recovery of damages for a personal injury, sustained by the plaintiff while in defendant's employ as a brakeman on one of its freight trains; such injury being caused, as plaintiff alleges, by the negligence of defendant and its employes. The verdict and judgment were for plaintiff. Defendant appeals.

*H. & W. Schofield, T. S. Wright* and *M. A. Low,* for appellant.

*McCoid, Brighton & Jacques, J. T. Henderson* and *Patterson Bros.,* for appellee.

REED, J.—Plaintiff received the injury of which he complains while making a coupling between a stationary freight car

**1. RAILROADS: coupling cars: right to presume upon obedience to signals.** and a train of twenty-eight cars, which was backed to it by an engine. His hand was caught and crushed between the dead-woods, and the injury sustained is permanent, and of a serious character. It is alleged in the petition that defendant and its employes were guilty of a number of acts of negligence in the transaction. The district court, however, after hearing the evidence, dismissed all of the charges except one, which is that the fireman who had charge of the engine and train at the time handled and managed the same in a careless and negligent manner, and negligently backed said train at a high and unusual rate of speed. There was evidence which tended to prove that the train was backed at the rate of from six to eight miles per hour, and that it was moving at that rate of speed when plaintiff went between it and the car for the purpose of making the coupling. The engine and train were moved back in obedience to a signal given by plaintiff. He was standing near the rear end of the train when he gave the signal, and immediately after giving it he started back to the car to make the coupling. The distance between the rear end of the train and the car was about eight or ten car lengths, and plaintiff testified that when he had gone about half this distance he gave the signal to stop the train. But it was a controverted question in the case whether he gave this signal. The district court instructed the jury, in effect, that, if he did give such signal, he had the right to assume that it would be obeyed by those in charge of the train; and that he would not be guilty of negligence in going between the cars, and attempting to make the coupling, after he gave it, unless he knew, or by the exercise of ordinary care might have known, that those in charge of the train had misunderstood it, or were disregarding it; but that if the train was being moved at the time at such a high rate of speed as to render the performance of the duty dangerous, and he knew, or by the exercise of ordinary care might have known, that the signal had been misunderstood, or was being disregarded,

his act in attempting to make the coupling under those circumstances was negligent, and he could not recover for the injury.

The first proposition embodied in these instructions,—viz: that if he gave the signal to stop the train, he might proceed to the performance of the duty which devolved upon him on the assumption that it would be obeyed—is sustained by the holdings of this court in *Beems v. Chicago, R. I. & P. R. Co.*, 58 Iowa, 150, and *Bucklew v. Central Iowa R'y Co.*, 64 Iowa, 603.

The other proposition—viz., that if the train was moving at a dangerous rate of speed when he attempted to make the coupling, and he knew, or by the exercise of ordinary care might have known, that his signal was being disobeyed, he was guilty of such contributory negligence as would defeat all right of recovery for the injury—appears to us to be supported by sound reason. The correctness of the proposition, however, is not questioned by either of the parties. It was given as the law of the case, and should have been regarded and obeyed as such. We are of the opinion, however, upon a careful reading of the evidence, that the jury must have disregarded it entirely. Plaintiff's own testimony, as it is set out in the abstract, shows, without any question, we think, that he knew, or ought to have known, when he went between the cars, and attempted to make the coupling, that the signal to stop the train had been misunderstood, or was being disobeyed. He testified that when he gave the signal the train was moving at the rate of about eight miles an hour, and that from that time until he reached the car, he was compelled to run in order to keep out of its way, and that when it struck the car it was moving at the same rate of speed. His testimony shows with absolute certainty, we think, that he knew when he went between the cars that its speed had not been reduced; and it follows, necessarily, that he knew also that the signal was being disregarded. When plaintiff

2. PRACTICE: directing verdict: verdict against evidence and instructions.

closed his testimony defendant's counsel moved the court to direct the jury to return a verdict for it. This motion should have been sustained, on the ground that plaintiff, on his own showing, was not entitled to recover. But, as the court submitted the cause to the jury, it should have set the verdict aside on the ground that it was not supported by the evidence, and was contrary to the instructions given by the court.

Other questions have been argued by counsel. In the view we have taken of the case it is unnecessary to consider them.

The judgment will be reversed, and the cause remanded.