HENRY v. SIOUX CITY & PACIFIC RAILWAY COMPANY.

1. **Railroads:** COUPLING CARS : INJURY TO BRAKEMAN : CONTRIBU-
TORY NEGLIGENCE : QUESTION FOR JURY. Plaintiff, one of defend-
ant's brakemen, in obedience to his conductor's orders, mounted
the front end of a train of freight cars, moving backwards at the
rate of about four miles per hour, and proceeded to the rear of the
train, dismounted, and made a coupling with a standing car, but
in doing so he was injured on account of the speed at which the
train was moving. When he first mounted the train he had reason
to believe that the conductor would immediately follow him, as
was the custom, and slacken the speed of the train in order that the
coupling might be made with safety ; but when he dismounted he
might, by glancing backwards, have seen that the conductor had
not mounted the train at all, and, had he noticed the train as it
approached him, he might have seen that its speed had not been
reduced ; but he testified that he was intent upon his work, and
was relying on the conductor, and hence did not notice these things.
*Held* that it could not be said, as matter of law, that he was guilty.
of contributory negligence, but that it was a question for the jury.

2. **Evidence:** CREDIBILITY OF WITNESS : CONTRADICTORY STATE-
MENTS : QUESTION FOR JURY. The fact that plaintiff's testimony
on a material point differed from his testimony given on a former
trial went only to his credibility, and it was for the jury to say,
after hearing his explanation of the contradiction, whether his last
testimony was worthy of belief.

3. **Railroads:** COUPLING CARS : DANGEROUS RATE OF SPEED : EVI-
DENCE : QUESTION FOR JURY. In an action by a brakeman for an
injury received while coupling cars, the question whether the rate
of speed of the cars was dangerous is in the nature of a conclusion
to be drawn from the facts proven, and such others as are in the
common knowledge of all men, and it is the duty of the jury to
draw that conclusion ; and while the opinions of witnesses who are
qualified by their experience to express an opinion on the subject
are competent evidence, they are not conclusive upon the jury, and
a finding by the jury not in harmony with such opinions cannot be
set aside by this court as being without warrant in the evidence.

4. **Personal Injury :** MEASURE OF DAMAGES. A brakeman, nine-
teen years of age, and qualified only for the work of a laborer, but
who was a strong and active man, was injured by defendant's
negligence so that he suffered excruciating pain for a long time,
and the joints of his ankle and foot were stiffened, making him a
cripple for life. *Held* that this court could not disturb a verdict of
eight thousand dollars as being excessive.

*Appeal from Cherokee District Court.*—HON. SCOTT M.
LADD, Judge.

· FILED, SEPTEMBER 7, 1888.

ACTION for the recovery of damages for a personal
injury sustained by plaintiff while in defendant's employ
as a brakeman on one of its trains. The injury is alleged
to have been caused by the negligence of defendant and
its employes in the management of the train. There
was a verdict and judgment for plaintiff and defendant
appeals.

*Joy, Wright & Hudson* and *John R. Hawley,* for
appellant.

*E. C. Herrick* and *E. F. Gray,* for appellee.

REED, J.—This cause has twice been in this court
before the present appeal. See 66 Iowa, 52, and 70 Iowa,
233. The accident occurred while plaintiff was making
a coupling. A number of cars were moved from the
main track to a side-track, by the operation known as
"kicking in." Plaintiff, who was the only brakeman
on the train, removed the pin which coupled the cars to
the engine, and gave the signal to the engine to back,
and, when the cars were run onto the side-track, he went
on top of one of them, and proceeded to the rear end of
the last car, where he descended to the ground, and ran
to a standing car, for the purpose of coupling it to the
others. He succeeded in making the coupling, but was
struck by the moving cars and thrown to the ground,
and the trucks passed over one of his feet, inflicting a
serious and permanent injury. His claim is that he made
the coupling in obedience to a direction of the conductor,
who was his superior, and whose orders he was required
to obey; that it was the custom in the performance of
such work for the conductor, when there was but one
brakeman on the train, to go upon the moving cars, and
by applying the brakes reduce their speed so that the

coupling could be made with safety; and that when the conductor gave him the order to make the coupling in question he indicated by his actions that he would follow him onto the cars for that purpose, but that he neglected to do so, and that the injury was in consequence of that neglect. He also claims that when he started to make the coupling he believed that the conductor would perform that duty, and that, when he went between the cars, he did not know that it had not been performed, or that the speed of the cars had not been reduced.

I.   It was insisted in the argument that the evidence shows conclusively that the plaintiff was guilty of such

1. RAILROADS: coupling cars: injury to brakeman: contributory negligence: question for jury.

negligence contributing to the injury as defeats all right of recovery. Plaintiff testified that when he went upon the cars they were moving at a rate of from four to five miles per hour, and the jury found specially that they were moving at four and one-half miles. He also testified that when he reached the top of the car, and got upon his feet, the conductor was by the side of the car, with his hand on the ladder, and was apparently about to follow him, and that it had been the uniform custom during the time he had worked upon that train, which was ten days, for the conductor to go upon the cars under like circumstances, and apply the brakes. Also that he did not notice when he descended from the cars that the conductor had not gone upon them; and that from the time he reached the ground until he was struck and thrown down, his attention was given to the matter of the coupling; and that he did not notice that the speed of the cars had not been reduced. If these are the facts of the occurrence, it cannot be said, as matter of law, that plaintiff was guilty of contributory negligence; but the question whether he was so guilty is in the nature of an ultimate conclusion to be determined from the facts, and it was the province of the jury to determine it. It is true that by a glance to the rear when he was about to descend from the cars he could have seen that the conductor had not gone on top of

Henry v. Sioux City & Pac. Ry. Co.

them, and that, if he had noticed the cars as they approached him, he might have seen that their speed had not been reduced; but if it was the duty of the conductor to go upon the cars and apply the brakes, and he had been led by his conduct to believe that he was about to perform that duty, he was not necessarily negligent because he proceeded to do the work assigned to him, without first ascertaining whether he had performed it. *Beems v. Chicago, R. I. & P. Ry. Co.*, 58 Iowa, 150. The facts as testified by plaintiff do not bring the case within *Nichols v. Chicago, R. I. & P. Ry. Co.*, 69 Iowa, 156. In that case the evidence of the plaintiff showed without any doubt that he knew when he went between the cars that his signal to reduce the speed had not been understood, or was being disregarded. And the court instructed the jury that, if he knew that fact, or by the exercise of reasonable diligence might have known it, he could not recover. While we approved that instruction, we held that the verdict could only have been arrived at by totally disregarding it. But there was no claim, as there is in this case, that plaintiff had been led to relax that diligence in the matter which otherwise would have been required of him by the conduct of the co-employe whose duty it was to slacken the speed of the cars.

II. But it was insisted that plaintiff's testimony to the effect that he did not know when he went between the cars that the speed had not been reduced ought not to be accepted as true, for the reason that, when testifying on the former trials, he admitted that he did know that fact. Portions of his testimony on the former trials were read to the jury on this trial, and it must be admitted that it shows that he stated, on the first trial at least, that he knew when he went between the cars that the speed had not been reduced. But he claimed and testified that when he gave that testimony he was still suffering from the effect of his injury, and that he did not understand, when he gave that answer, that the question referred to that particular time, but

2. EVIDENCE: credibility of witness: contradictory statements: question for jury.

understood that it referred to the time when he alighted from the cars. In any event, however, the fact was one affecting his credibility as a witness, and was for the consideration of the jury ; and we cannot say, in view of their verdict, that his present statement is false.

III.  There was no direct evidence that the rate of speed at which the cars were moving was dangerous, although plaintiff and one other witness testified that the speed at which cars were ordinarily moved when a coupling to a standing car was being made was but two miles per hour.  Defendant introduced evidence, however, which tended to prove that couplings could safely be made when the cars were moving at a much higher rate of speed than were those in question at the time of the injury, and that it was customary to make couplings under those circumstances.  And it was contended that the finding of the jury that the conductor was guilty of negligence in failing to apply the brakes and lessen the speed is against the evidence.  The manner in which couplings are made was described to the jury by the witness.  The weight of the cars was also proven.  Now, the question whether the rate of speed was dangerous is in the nature of a conclusion to be drawn from the facts proven, and such others as are in the common knowledge of all men, and it was the duty of the jury to draw that conclusion.  The opinions of witnesses who were qualified by their experience to express an opinion on the subject was competent evidence. The jury, however, were not absolutely bound to accept such opinions, or to be governed by them in forming their conclusion.  But they might consider the facts and circumstances of the case, and, if the opinions given appeared to them to be unreasonable or inconsistent with those facts, they might reject them.  It cannot be said as matter of law that the opinions expressed by defendant's witnesses are correct ; but the question is one of fact, and we could not disturb the verdict on this ground without usurping the province of the jury, and overturning the rule which has long prevailed here, that

3. RAILROADS: coupling cars ; dangerous rate of speed: evidence : question for jury.

we will not disturb the finding of a jury on a question as to the credit which ought to be given to the testimony.

IV. The judgment is for eight thousand dollars. Defendant contended that the amount is excessive. As stated above, the injury is of a serious nature, and is permanent. Plaintiff was but nineteen years old at the time of the accident, and was a strong, active young man. The injury caused him excruciating pain for a long time. He has been compelled to submit to a surgical operation, by which a portion of the ankle-bone was removed. The joints of his ankle and foot are stiffened, and he is a cripple for life. He was a laborer, and is neither qualified nor fitted for other pursuits. His ability to labor in any vocation to which his qualifications adapt him is greatly impaired. We cannot say, in view of these facts, that the amount awarded him is excessive.

4. PERSONAL injury: measure of damages.

The instructions given by the court are substantially the same as those given upon the first trial, and were approved on the first appeal, and they fully covered all the questions in the case. Those asked by defendant, and refused by the court, related to the same questions, and no prejudice could have resulted from the refusal to give them.

AFFIRMED.