## IARUSSI v. MISSOURI PAC. RY. CO.

### (Circuit Court, N. D. Illinois, E. D.   July 22, 1907.)

**1. STATUTES—CONSTRUCTION—STATUTES ADOPTED FROM OTHER STATE.**

Laws Kan. 1874, p. 143, c. 93, providing that a railroad company shall be liable for all damages done to any employé of it from any negligence of its agents or by any mismanagement of any employés "to any person sustaining such damage," adopted from the state of Iowa after the Supreme Court of the state had construed it as covering the case of death of an employé and creating a cause of action in favor of the administrator of deceased, was adopted with such construction.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Statutes, § 307.

Construction of statutes, state laws as rules of decision in federal court, see note to Wilson v. Perrin, 11 C. C. A. 72.]

**2. MASTER AND SERVANT—INJURY TO SERVANT—FELLOW SERVANT—STATUTES MODIFYING COMMON-LAW LIABILITY.**

Laws Kan. 1874, p. 143, c. 93, providing that a railroad company shall be liable for all damages done to an employé of it from any negligence of its agents or by any mismanagement of any employés, while restricted to hazards peculiar to railroading, applies to the case of a track repairer injured while being taken from his work in a caboose, and while still in the company's employé, by collision of that and another train of the company.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 501.]

**3. SAME—RES IPSA LOQUITUR.**

A railroad company being liable under Laws Kan. 1874, p. 143, c. 93, for injury to an employé from negligence of a fellow servant, and under the common law for negligence of a vice principal, the rule of res ipsa loquitur applies to the case of injury to an employé from collision of two trains of the company, and raises a presumption of negligence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 880.]

**4. MASTER AND SERVANT—INJURIES TO SERVANT—NOTICE OF CLAIM—NECESSITY.**

Laws Kan. 1903, p. 599, c. 393, amending Laws 1874, p. 143, c. 93, to provide that a railroad company shall be liable for damages done to any

employé of it from any negligence of its agents or by any mismanagement of any employés to any person sustaining such damage, provided that notice of the injury be given "by or on behalf of such person injured" to the company, within 90 days from the accident, does not apply to a case of death, where the action is by the administrator.

5. SAME.

Even if the provision of the statute as to notice were otherwise applicable to the case of death of an employé, it will not be so held in the case of an employé killed 53 days after the act was passed, but 65 days before it went into effect.

Rosenthal, Kurz & Hirschl, for plaintiff.

Frank F. Reed, Clarence A. Williams, and Robert J. Folonie, for defendant.

SANBORN, District Judge. On the 26th of April, 1903, a number of Italian laborers were taken out on a train by the defendant company on its railway in Kansas for the purpose of repairing a part of its track. After the work was completed, the laborers were placed in a caboose for the purpose of taking them back to the point of departure. The train started and ran some miles, stopped at a station, and waited some time, and then went on toward its destination, and, while the train was in motion, a freight train collided with the train in question by a head-on collision, as a result of which some of the workmen were killed, including the plaintiff's intestate. This action is brought under the statute of Kansas to recover damages for the death of the workman through the alleged negligence of the company. The evidence did not show how it happened that the collision occurred, or whose fault or negligence it was. The plaintiff rested its case solely upon the fact of the happening of the collision, relying upon the rule of res ipsa loquitur. The declaration counts both upon the common-law liability and the liability under the statute of Kansas which is quoted below. The defendant contends that the rule of res ipsa loquitur cannot apply, and that, at all events, the action is barred by an amendment to the Kansas statute in respect to liability to co-employés requiring notice to be given to the defendant of the time and place of the injury within 90 days after its occurrence. A motion to direct a verdict for the defendant was made, but the case was submitted to the jury, and a verdict rendered subject to the opinion of the court upon the questions of law involved. The jury rendered their verdict in favor of the plaintiff, and a motion is now made by the defendant to direct the entry of a verdict for the defendant pursuant to the submission of the case to the jury subject to the opinion of the court.

Section 5319, Gen. St. Kan. 1905, provides:

"When the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter if the former might have maintained an action had he lived, against the latter, for an injury for the same act or omission. The action must be commenced within two years."

The damages are limited to $10,000.

In 1874 the Legislature of Kansas adopted from the state of Iowa a statute which reads as follows:

"Every railroad company organized or doing business in this state shall be liable for all damages done to any employee of such company in consequence of any negligence of its agents or by any mismanagement of its engineers or any employees to any person sustaining such damage." Laws 1874, p. 143, c. 93.

On March 4, 1903, the Kansas Legislature amended the act of 1874 to read as follows:

"Every railroad company organized or doing business in this state shall be liable for all damages done to any employee of said company in consequence of any negligence of its agents or by any mismanagement of its engineers or other employees to any person sustaining such damage; provided, that notice in writing of the injury so sustained, stating the time and place thereof shall have been given by or on behalf of such person injured to such railroad company within ninety days after the occurrence of the accident." Laws 1903, p. 599, c. 393.

This amendment took effect July 1, 1903.

It will be noticed on looking at these statutes that railroad companies are made liable for damages done to any employé by the negligence of co-employés to any person sustaining such damage. It will also be noticed that the amendment providing for notice requires such notice to be given by or on behalf of such person injured. On first examining the statute of 1874, I was in doubt whether it could be construed to apply to a case where an injury resulted in death. The words "to any person sustaining such damage" would seem to include an administrator of the person killed, so as to bring the case within the Kansas act above quoted concerning death by wrongful act, and I find that the Supreme Court of Iowa in 1871, before the statute was adopted by the Legislature of Kansas, construed the Iowa statute to cover the case of death and to create a cause of action in favor of the administrator. The language of the act, "to any person sustaining such damages," was held to mean any party who under the law was entitled to a recovery. Philo v. Illinois Central R. Co., 33 Iowa, 47, approved in Major v. B., C. R. & N. R. Co., 115 Iowa, 309, 88 N. W. 815 (A. D. 1902). The act of 1874 was assumed to apply to a case where an employé was killed in Missouri Pac. R. Co. v. Haley, Adm'r, 25 Kan. 35. Such construction of the Iowa court was adopted with the statute, and is as much a part of it as though plainly expressed therein. Union Trust Co. v. Thomason, 25 Kan. 1. It therefore seems entirely clear that this case is within the act of 1874 if the plaintiff's intestate was injured through a hazard peculiar to the railroad business. The question of the validity of the act of 1874 arose in Iowa and also in Kansas, and was sustained in both states, on the ground that it must be restricted to hazards peculiar to railroading, otherwise it would not afford equal protection of the laws. The highest courts of both states so held, and this ruling was sustained by the Supreme Court of the United States. Missouri Pacific Railroad v. Mackey, 33 Kan. 298, 6 Pac. 291; Id., 127 U. S. 205, 18 Sup. Ct. 1161, 32 L. Ed. 107; Bucklew v. Central Iowa Railroad, 64 Iowa, 603, 21 N. W. 103.

The next question which arises, therefore, is whether the plaintiff's intestate was exposed at the time of his injury to a hazard peculiar

to the business of using and operating a railroad. The proper test is held to be whether the duty of the employé requires him to perform service which exposes him to such peculiar hazard. The workman here in question was required to work as a track repairer. It was necessary that he be conveyed to and from his work. This the railroad company undertook to do. Many cases have been ruled, both in Kansas and Iowa, to the effect that persons working on or about the track are within the statute, and are while so working exposed to hazards peculiar to the railroad business. Union Trust Co. v. Thomason, 25 Kan. 1; Railway Co. v. Harris, 33 Kan. 416, 6 Pac. 571; Railroad Co. v. Brassfield, 51 Kan. 167, 32 Pac. 814. The above cases relate to sectionmen. The act applies, also, to one loading rails on a car. Railroad v. Koehler, 37 Kan. 463, 15 Pac. 567. Also to a bridge carpenter. Railroad v. Pontius, 52 Kan. 264, 34 Pac. 739. And a track repairer was held also to be within the act. Railroad v. Vincent, 56 Kan. 344, 43 Pac. 251. A laborer injured by the fall of a bank while shoveling earth on a car is within the statute as to the hazard pertaining to railroads. Deppe v. C., R. I. & P. R. Co., 36 Iowa, 52. The act also applies to a section hand. Frandsen v. C., R. I. & P. R. Co., 36 Iowa, 372. Inasmuch as it was absolutely necessary that the deceased should be carried to and from his work, and as he continued to be an employé of the company while being so carried, it seems entirely clear that while going and returning he was still subject to the same hazard peculiar to the operation of the railroad as he was while actually performing the work of repairing the track. That he still continued to be a servant while being carried from his work, and not a passenger, see Kansas Pacific R. R. Co. v. Salmon, 11 Kan. 83–91; McQueen v. Central Branch, etc., R. R. Co., 30 Kan. 689, 1 Pac. 139; Vick v. N. Y. Central, etc., R. R. Co., 95 N. Y. 267, 47 Am. Rep. 36; Higgins v. Hannibal & St. Joe R. R. Co., 36 Mo. 418–433; Russell v. Railroad Co., 17 N. Y. 134; St. Louis, etc., R. R. Co. v. Waggoner, 90 Ill. App. 556; Gillshannon v. Stony Brook R. R. Co., 10 Cush. (Mass ) 228; Wright v. Railroad Co., 122 N. C. 852, 29 S. E. 100; Manville v. Railroad Co., 2 Ohio Dec. (reprint) 359, 2 Western Law Monthly, 495; Ionnone v. N. Y., etc., R. R. Co., 21 R. I. 452, 44 Atl. 592, 46 L. R. A. 730, 79 Am. St. Rep. 812; Chattanooga v. Venable, 105 Tenn. 460, 58 S. W. 861, 51 L. R. A. 886.

It follows from what has been said that the rule of res ipsa loquitur applies to this case. This would not be so in the absence of the act of 1874, because it could not be told whether the deceased was injured by the negligence of a co-employé or by the fault of the company through some independent officer in the relation of a vice principal. But, inasmuch as the plaintiff was a servant, and the company is made liable by the act of 1874 for the negligence of a fellow servant and by the common law for the negligence of a vice principal, it follows that any negligence on the part of the company makes it responsible, and that the mere fact of the happening of the accident raises a presumption of negligence which places the burden upon the defendant to rebut. Goss v. Northern P. R. Co. (Or.) 87 Pac. 150; N. C. R. Co. v. Cotton, 140 Ill. 494, 495, 496, 29 N. E. 899; C. T. Co. v. Holtzenkamp, 78 N. E. 529, 74 Ohio St. 379, 6 L. R. A. (N. S.)

800; Rose v. Stephens (C. C.) 11 Fed. 438; Choctaw, O. & G. R. Co. v. Doughty, 91 S. W. 768, 77 Ark. 1; Stewart v. R. & A. Co., 53 S. E. 881, 141 N. C. 253; Armour v. Golkowsky, 202 Ill. 149, 66 N. E. 1037; Goddard v. Enzler, 123 Ill. App. 119; Union Trust Co. v. Thomason, 25 Kan. 1; Sullivan v. Rowe (Mass.) 80 N. E. 459.

The further question arises as to the effect of the amendment to the act of 1874 by the statute of 1903, above quoted. It is urged on the part of the defendant that, as the plaintiff's intestate was killed April 26, 1903, the statute of March 4, 1903, requiring 90 days' notice, and which took effect July 1, 1903, left to the administrator, widow, and next of kin of the plaintiff's intestate 25 days after July 1, 1903, in which to give the notice, and that a reasonable time was thus left in which notice might have been given. It is said that the liability being wholly statutory, the Legislature may entirely take it away or impose such conditions as it may see fit, and that the object in postponing the taking effect of the statute was for the purpose of allowing such notice to be given without injury to existing rights or causes of action or those which might arise about the time of the passage of the act. These questions are close and interesting; but, in view of the language of the amendment, it is not necessary to consider them. The provision as to notice requires it to be given by or on behalf of the person injured. Remembering that the person injured in this case had no cause of action, being instantly killed by the collision, and no cause of action existed in his favor, but only a statutory claim in favor of his administrator for the benefit of the widow or next of kin, it seems plain that the language of the statute was not intended to apply to the case of death. How could notice be given by the person killed, or on his behalf? It is true this construction seems to be a narrow one, and that if the section amended applies to the case of death, as it is here held to do, the provision as to notice should likewise be extended to the case of death, and the words "by or on behalf of such person injured" ought to include the case of an administrator or widow or next of kin giving the notice. But the plain force of the language limits its meaning to the case of an injured person. By no ordinary rule of construction can a notice given by or on behalf of an administrator, widow, or a child be regarded as a notice given by or on behalf of the intestate, husband, or ancestor. This question does not seem to have arisen in Kansas. Examination of the reports of that state in the official series and the Pacific Reporter fails to disclose any discussion of this question, and, in view of the fact of the very short time remaining after July 1, 1903, in which notice within the 90-day period could have been given, I think it should be held that the statute was not intended to apply to a case of death, at least to a case of this kind where so short a time remained in which the notice could be given.

The motion of the defendant should be overruled, and judgment be entered for the plaintiff upon the verdict.