OLNEY S. CARPENTER, Appellant, *v.* THE BOSTON AND ALBANY RAILROAD COMPANY, Respondent.

It is the duty of a railroad corporation to provide for a passenger a safe passage to the train he desires to take, and to take reasonable care that he shall not while on its premises be exposed to any unnecessary danger, or to one of which it is aware. It is bound to exercise the utmost vigilance, not only in guarding its passengers against careless interference by others, but even against violence, and if in consequence of neglecting this duty, a passenger receives injury, which, in view of all the circumstances, might have been reasonably anticipated, it is liable. In such cases, however, *scienter* is the gist of the action.

Plaintiff, having purchased a ticket, went upon the platform prepared for passengers at defendant's depot at C. for the purpose of taking a train which was approaching. A postal car was attached to the train, and as it passed the platform the postal clerk, an employe of the United States, threw out a loaded mail bag, which struck and injured plaintiff. In an action to recover damages for the injury, it appeared that this had been for a long time the customary method of discharging mail bags from postal cars at said depot, at times when passengers were upon the platform, and under circumstances from which notice to the defendant might be fairly implied. It did not appear that defendant had taken any precaution to prevent injury. *Held,* the fact that the postal agent was not in defendant's employ did not relieve it from liability; and that the circumstances authorized a finding of negligence upon its part; that it was not necessary, in order to charge defendant with the duty of care and vigilance, to show that on some former occasion a like injury had happened.

*P. R. R. Co.* v. *Price* (23 Alb. L. J. 69), *Putnam* v. *B., etc., R. R. Co.* (55 N. Y. 113), *Muster* v. *C. M. & St. P. R. R. Co.* (21 N. W. Rep. 223), distinguished.

(Argued November 24, 1884 ; decided December 16, 1884.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made May 2, 1882, which affirmed a judgment in favor of defendant, entered upon an order dismissing plaintiff's complaint on trial.

This action was brought to recover damages for injuries alleged to have been caused by defendant's negligence.

Plaintiff, desiring to take passage on defendant's road, and having purchased a ticket, went out on the platform of the

depot at Chatham village, waiting for an approaching train. The train had a postal car attached, ahead of the passenger cars. As said car passed the platform a heavily-loaded mail bag was thrown therefrom by the postal clerk or agent in charge, and struck plaintiff, who was walking along the platform toward the passenger cars, inflicting serious injuries.

The further material facts appear in the opinion.

*Charles L. Beale* and *Robt. E. Andrews* for appellant. Plaintiff was entitled to go to the jury on the question of defendant's negligence. (24 Hun, 108.) The defendant was bound to keep its depot platforms free and clear from every obstruction or imperfection which would hinder or endanger the use of same by the public when becoming passengers on the trains of said railroads or alighting from the same ; and for any such obstruction by mail bags or otherwise, and for any injury which might result to such passengers therefrom, the defendant is liable to the party so injured. ( *Weston* v. *N. Y. Elevated R. R. Co.*, 42 N. Y. Sup. Ct. 136; 6 N. Y. Weekly Dig. 451; *Gonzales* v. *N. Y. & H. R. R. Co.*, 39 How. 407; *Jetter* v. *N. Y. & H. R. R. Co.*, 2 Keyes, 154 ; *Johnson* v. *Hudson R. R. R. Co.*, 20 N. Y. 65 ; *Sheridan* v. *B. & N. R. R. Co.*, 36 id. 39 ; *Hulburt* v. *N. Y. C. R. R. Co.*, 40 id. 145 ; *O'Mara* v. *Hudson R. R. R. Co.*, 38 id. 435 ; *Comp* v. *Wood*, 5 N. Y. Weekly Dig. 131 ; *Chrisman* v. *L. I. R. R. Co.*, 4 id. 34 ; *Lescomb* v. *N. J. Tr. Co.*, 2 Lans. 75 ; *Ferris* v. *U. Ferry Co.*, 36 N. Y. 312 ; *Davenport* v. *Ruckman*, 37 id. 568 ; *Hagan* v. *S. E. R. R. Co.*, 28 Law Times [N. S.], 271 ; *Tobias* v. *Rutland R. R. Co.*, 59 Me. 183 ; 8 Am. Rep. 415 ; *McDonald* v. *C. & C. R. R.*, 26 Iowa,   ; *Burgess* v. *R. R.*, 95 Eng. C. L. 923 ; *Martin* v. *R. R.*, 81 id. 179 ; *Mullen* v. *St. John*, 57 N. Y. 570 ; *Bowen* v. *N. Y. C. R. R. Co.*, 18 id. 408.) The defendant and its employes were bound to use the utmost care, diligence and foresight in protecting all its passengers from injury, and if an accident from which an injury has resulted might have been prevented by the exercise of these, the defendant is liable. ( *Curtis* v. *R. & S. R. R. Co.*, 18 N. Y.

434 ; *Hegeman* v. *W. R. R. Co.*, 3 Kern. 9 ; *Caldwell* v. *N. J. S. Co.*, 47 N. Y. 282 ; *Bennett* v. *Third Ave. R. R. Co.*, 18 id. 408 ; *Carroll* v. *S. I. R. R. Co.*, 58 id. 126 ; *P. & H. R. R. Co.* v. *Derby*, 14 How. [U. S.] 483 ; *Tiler* v. *C. R. R. Co.*, 49 N. Y. 47 ; *Weston* v. *N. Y. Elevated R. R. Co.*, 6 N. Y. Weekly Dig. 451 ; *Caldwell* v. *Murphy*, 1 Duer, 233 ; 14 How. 468 ; 13 Conn. 326 ; 48 N. H. 304 ; 51 Penn. St. 315 ; 97 Mass. 361.) In the exercise of his lawful rights, every man has a right to act on the belief that every other person will perform his duty and obey the law ; and therefore it . was not negligence for the plaintiff. to assume that he was not exposed to a danger which could only come to him through a disregard of law and their duty on the part of defendant's agents. (*Jetter* v. *N. Y. & H. R. R. Co.*, 2 Keyes, 154 ; *Newson* v. *N. Y. C. R. R. Co.*, 29 N. Y. 383 ; *Caughtry* v. *Globe Woolen Co.*, 56 id. 124 ; *Rowle* v. *Dashler*, 3 Keyes, 572 ; *Voak* v. *N. Y. C. R. R. Co.*, 75 N. Y. 320 ; *Sheridan* v. *B. & N. R. R. Co.*, 36 id. 39 ; *Carroll* v. *S. I. R. R. Co.*, 58 id. 126 ; *Debieski* v. *Sharp*, 88 id. 203 ; *Alden* v. *N. Y. C. R. R. Co.*, 26 id. 202 ; *Bowen* v. *N. Y. C. R. R. Co.*, 18 id. 408 ; *Brown* v. *N. Y. C. R. R. Co.*, 34 id. 404 ; *Flint* v. *N. & N. Y. Trans. Co.*, 34 Conn. 554 ; *Goddard* v. *G. T. R. R.*, 57 Me. 202 ; *Gonzales* v. *N. Y. & H. R. R.*, 39 How. Pr. 407.) The relation which the postal clerk who threw the mail bags upon plaintiff then sustained to the defendant was that of passenger ; his relation to the plaintiff was that of fellow-passenger ; and for injury caused by such carelessness or negligence of this passenger to his fellow-passenger, the defendant, as their carrier for hire, was responsible. (*Nolton* v. *W. R. R. Co.*, 15 N. Y. 444 ; *Blair* v. *E. R. R. Co.*, 66 id. 313 ; *Price* v. *Penn. R. R. Co.*, 22 Am. L. R. 391 ; *P., Ft. W. & C. R. R. Co.* v. *Hinck*, 53 Penn. St. 512 ; *Flint* v. *N. & N. Y. Trans. Co.*, 34 Conn. 554 ; *Stewart* v. *B. & Crosstown R. R. Co.*, 90 N. Y. 588 ; *N. O. R. R. Co.* v. *Burke*, 53 Miss. 20 ; *P. & C. R. R. Co.* v. *Pillow*, 18 Am. Rep. 424.) Defendant is liable to the plaintiff for all injuries resulting to him from the negligent or wrongful acts of the mail agents or mail carriers upon its trains. (*Lane*

v. *P. & R. I. R. R. Co.*, 5 N. Y. Weekly Dig. 404; *Thorp* v. *N. Y. C. & H. R. R. R. Co.*, 13 Hun, 70; *Robinson* v. *N. Y. C. & H. R. R. R. Co.*, 64 N. Y. 138; *Pallett* v. *Lang,* 56 id. 628; *Barnett* v. *Third Avenue R. R. Co.*, 45 id. 628; *Eaton* v. *B. & A. R. R. Co.*, 11 Allen, 500; *Flint* v. *N. & N. Y. Trans. Co.*, 34 Conn. 554; 6 Blatchf. 168; 13 Wall. 3; 75 N. Y. 320.) Nothing in the facts or opinion of the General Term can be regarded as authority for taking the case at bar from the jury. (*Payne* v. *T. & B. R. R. Co.*, 83 N. Y. 574; *Hart* v. *H. R. R. Co.*, 80 id. 622.)

*John Cadman* for respondent. The postal clerk was not the agent or employe of defendant, and was in no way subject to the defendant's control — certainly no more so than a passenger riding on the train. (*Norton* v. *W. R. R. Co.*, 15 N. Y. 444; *Blair* v. *E. R. R. Co.*, 66 id. 313; *Penn. R. R. Co.* v. *Price*, 23 Alb. L. J. 69.) There is no such privity between a railroad company and a passenger as to make it liable for any wrongful act of the passenger, upon any principle. (*Putnam* v. *Broadway, etc., R. R. Co.*, 55 N. Y. 113.) Even if the platform had been improperly constructed, or the train improperly managed, the accident complained of in this case was not the direct or necessary or probable result from either of these causes, but an independent agent intervenes between the defendant and the injury, relieving it of liability. (*Ryan* v. *N. Y. C. R. R. Co.*, 35 N. Y. 40.)

DANFORTH, J. The plaintiff was injured before the actual commencement of his journey, but he was lawfully on the platform because he was a passenger, and was approaching the train, as the defendant concedes, " in the usual and ordinary way," to enter the car in which he had purchased a right to travel. The law in such a case is well settled. It imposes an obligation on the railroad company to take reasonable care that a person holding that relation to it shall while on its premises be exposed to no unnecessary danger or one of which it is aware, and requires it to provide for him a safe passage to

the train. It is obvious that was not done in this case. The plaintiff was knocked down, and severely hurt, by a loaded mail bag thrown from the postal car while the train was in motion, and the only answer to his demand for compensation is that the missile was negligently thrown by the person in charge of the mail car, an employe or servant of the United States, and not of the company; that he was an independent agent, and hence, the defendant says, it is not liable for his act, In support of this contention its learned counsel cites *Nolton* v. *Western R. R. Co.* (15 N. Y. 444), *Blair* v. *Erie R. Co.* (66 id. 313), *Penn. R. R. Co.* v. *Price* (23 Alb. L. J. 69), and *Putnam* v. *Broadway, etc., R. R. Co.* (55 N. Y. 113).

I am unable to give to those cases that consequence. The Pennsylvania case (reported in 96 Penn. St. 256), was an action against a railroad company for damages for the death of a postal clerk, caused by a collision. A recovery was denied, but the question turned solely upon the construction of a statute of that State. It has no application here. But if it had, the decision is directly opposed to that of this court in cases also cited by the respondent, viz.: *Nolton* v. *Western R. R. Co.* and *Blair* v. *Erie R. Co. (supra)*, in each of which a recovery was had on the ground that the defendant owed a duty to the person injured (in one case a postal clerk and in the other an express agent), and neglected to perform it. That principle we think the plaintiff may also successfully invoke, and find support in the other case (*Putnam* v. *Broadway, etc., R. R. Co., supra*) cited by the respondent.

It was there held, in substance, that a railroad company was bound to exercise the utmost vigilance not only in guarding its passengers against careless interference by others, but even against violence, and if in consequence of neglecting this duty he receives injury, which in view of all the circumstances might have been reasonably anticipated, it is liable. The defendant prevailed in that case on the ground that the mischief was one which it had no reason to expect, and so was under no obligation to guard against. But if it had been made to appear that he who made the assault was vicious and accus-

tomed under similar circumstances to do hurt, and the defendant had been notified of the fact, a duty would, as the case also holds, have been imposed upon it either to remove him from the car, or inform its other passengers of their danger, and failing to do so, would be responsible for such harm as he occasioned. To the same effect is *Muster* v. *C. M. & St. P. Ry. Co.* (21 North-Western Reporter, 223). There the plaintiff was at work for the defendant at its depot, standing on a scaffold erected by it; the defendant's train, of which a mail car formed part, ran past, and a mail bag thrown from it by a postal agent struck the leg of the scaffold with such force that it fell and the plaintiff was injured. He failed in his action. Upon appeal, the court, in answer to the claim that the defendant was negligent in not informing the plaintiff of his peril, said : " All the evidence on that subject is to the effect that the mail bag was usually discharged near the mail catcher, which was two hundred feet west of the depot, and there is no testimony whatever that it had ever before been thrown off at the depot," adding : " the company is not chargeable with notice that it was likely to be thrown off at the depot, and hence was not required to guard, by notice or otherwise, against an accident to the plaintiff resulting from its being thrown off there on the occasion in question." In such cases no doubt *scienter* is the gist of the action, and in those cited it was lacking. In the one before us, it was clearly established. The defendant constructed the postal car and owned it. It was occupied under defendant's permission for a certain use, and it may be conceded that there was nothing in the nature of that use to require the defendant to expect that the contents of the car would be violently cast upon the platform while the train was in motion, and before the passengers thereon could reach the cars. Had this accident, therefore, happened on the first passage of the car, the defendant might be excused, as in the case cited, on the ground that the mere act of the postal clerk in throwing off the mail bag at that place, without the previous knowledge of the defendant of his intention to do so, was not negligence on its part.

But the fact is quite otherwise. The practice which led to the accident was a familiar and usual one. It was proven by uncontradicted evidence that this method of discharging mail bags from the postal car, upon the platform provided for passengers, and while they were upon it and exposed to injury, had prevailed for a long time, under circumstances from which notice to the defendant might be fairly implied, and with the actual knowledge of the defendant's agents, in whose presence the act was frequently, if not daily performed, and so far as appears without the slightest objection on their part. They were, therefore, chargeable with notice that the mail bag was likely to be thrown off in the same manner and under the same circumstances at any arrival of a postal car. By this knowledge the defendant was brought fairly within the rule which enjoins care, not only on the part of itself and its servants, but also like care in preventing injury from the careless or wrongful act of any other person whom it permits to come upon its premises.

The occupants of the postal car are no exception to this rule ; they were not strangers or uninvited. They came under a contract voluntarily made by the defendant and which secured the carriage and delivery of the mails upon such conditions as it imposed or acceded to. Its police power extended over the persons employed in it, while they were on the defendant's track or at its stations, certainly not to interrupt them in the discharge of their official duties, but so far as practicable to prevent injury to those for whose safety it was bound to provide. So it was held in *Stewart* v. *Brooklyn and Cross Town R. R.* (90 N. Y. 588), applying the rule to violence committed by strangers and co-passengers, in *Flint* v. *Norwich & N. Y. Trans. Co.* (34 Conn. 554) to violence from whatever source arising, and this although the aggressors were soldiers received upon the boat on compulsion. The doctrine of that case is approved and its reasoning followed in the case of Putnam (*supra*).

Nor was it necessary in order to charge the defendant with the duty of care and vigilance, that on some former occasion a like injury had happened. The act was itself dangerous.

There was, under the circumstances of which the defendant had notice, a natural and probable connection between the act of throwing out a mail bag with its contents and the injury which actually happened. It could have been foreseen, and the defendant owed a duty to those who might probably be on the platform, either to prohibit the practice which made the place dangerous, or exclude the passenger until train time, or provide some other way for ingress to the cars, or at least give notice to him that he must take care and avoid the danger, or in some other way use reasonable caution to prevent damage from the danger, of which it knew or ought to have known. Whether such reasonable care was taken, by notice, guarding the way, or otherwise, must be determined as a matter of fact. So far as the case now discloses, the defendant failed to do either of these things. It seems to me, therefore, that the plaintiff's evidence tended to establish every proposition which, as set forth in his complaint, constituted a fair cause of action—damages occasioned by the omission of duty which the defendant owed to him, and that he was not himself in default. These were questions for the jury and should have been submitted to them. The plaintiff was, therefore, improperly nonsuited.

It follows that the judgment of the Special and General Terms should be reversed and a new trial granted, costs to abide the event.

All concur, except RAPALLO and FINCH, JJ., dissenting.

Judgments reversed.