EMMA F. M. AYRES, Respondent, *v.* THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, Appellant.

*Damages caused by an obstruction on a railroad platform — knowledge of its existence by the company — what does not amount to negligence per se.*

The mere fact that a postal clerk throws off a mail bag at a certain place, without previous knowledge on the part of the railroad company of his intention to do so, does not constitute negligence on the part of the company.

In an action brought to recover damages alleged to have been sustained by reason of a fall upon the platform of a railroad company's station, in which it was sought to charge such corporation with negligence by reason of its failure to sufficiently light its platform, the court in effect charged that the jury might predicate actionable negligence upon the failure of the defendant to light its depot sufficiently to enable the plaintiff to avoid the obstacle which caused her fall, without reference to the circumstance whether or not an obstacle of that kind had ever been there before.

The counsel for the defendant asked the court to charge that, if the jury believed that the platform would have been lighted sufficiently, for the purposes of the passengers getting on and off the cars with safety, if the mail bag (which was the obstruction which caused the plaintiff's fall) had not been thrown where it was, and if it was the first time that the mail bag had been thrown off there, the defendant was not liable. The court refused to so charge, and the defendant duly excepted.

It was a question of fact, under the evidence, whether the mail bag had ever been thrown off before in the way of the passengers, and, if so, whether the defendant, through its proper agents, knew it, or, in the exercise of reasonable care, ought to have known it.

*Held,* that such request to charge was material;

That the failure of the court to charge as requested was an error which necessitated a reversal of the judgment rendered in favor of the plaintiff.

APPEAL by the defendant, The Delaware, Lackawanna and Western Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Oneida on the 7th day of April, 1893, upon the verdict of a jury rendered after a trial at the Oneida Circuit, and also from an order entered in said clerk's office on the 1st day of April, 1893, denying the defendant's motion for a new trial made upon the minutes, with notice of an intention to bring up for review on such appeal said order entered April 1, 1893, and also an order denying the defendant's motion to put the case over the March (1893) term of the court and the denial of a like motion made at the beginning of the trial.

*William Kernan,* for the appellant.

*Adelbert E. Carroll,* for the respondent.

MERWIN, J.:

This action is brought to recover damages sustained, as the plaintiff claims, by reason of the negligence of the defendant. On the 24th day of October, 1891, the plaintiff was at the station of defendant at North Brookfield for the purpose of taking the train to Utica that was due at North Brookfield from the south at thirty-three minutes past five in the afternoon. The train was about half an hour late. After purchasing a ticket, she remained in the waiting room until the arrival of the train, and it was then, as the plaintiff claims, quite dark. As the train stopped, the plaintiff, in order to reach the passenger car, passed from the door of the waiting room southerly along the platform, and while doing so stumbled and fell over a mail bag that had been thrown on to the platform by the postal clerk in the mail car as the train came along and before it stopped. The mail bag was about thirty feet southerly from the waiting-room door. The plaintiff is a physician, and in the fall she received injuries which, as the evidence upon her part tends to show, were of a very serious character. She claims that the fall and the consequent injury was attributable to the negligence of the defendant in that the platform was not sufficiently lighted, and that the defendant should have prevented the throwing of the mail bag on to the platform in the way of passengers who were about getting on to the train.

There was evidence upon the part of the plaintiff tending to show that upon some prior occasions the mail bag had been thrown in about the same locality, and the court charged that if the conductor of the train knew of such prior deposit, then the defendant was liable for the act of the mail clerk on the occasion in question.

The question whether the platform was sufficiently lighted to enable the plaintiff, in the exercise of reasonable care, to have seen and avoided the obstacle, was sharply litigated, and, upon the evidence, it was a question of fact for the jury. The court, in effect, charged the jury that if the defendant was negligent in this regard the plaintiff was entitled to recover, unless there was contributory negligence on her part.

The counsel for the defendant asked the court to charge that, if the jury believed that the platform was lighted sufficiently for the purposes of the passengers getting on and off the cars with safety, if the mail bag had not been thrown there, and that this was the first time the mail bag had been thrown off there, the defendant was not liable. The court refused to so charge and the defendant duly excepted. It is now claimed that this exception is a good one.

In *Carpenter* v. *Boston & Albany R. R. Co.* (97 N. Y. 494) it was sought to charge the defendant with the consequences of the act of a postal clerk in throwing a mail bag from the postal car on to the platform, and it was held that *scienter* was the gist of the action; that the injury must be one which, in view of all the circumstances, might have been reasonably anticipated. It was said that the mere act of the postal clerk in throwing off the mail bag at that place, without the previous knowledge of the defendant of his intention to do so, was not negligence on the part of the defendant. A similar view was taken in *Muster* v. *C., M. & St. P. R. R. Co.* (61 Wis. 325). (See, also, *Snow* v. *Fitchburg R. R. Co.*, 136 Mass. 552.)

Under the rule of the *Carpenter* case the request was proper, and should have been charged, provided the evidence warranted it and it was material.

The plaintiff claims that the uncontradicted evidence shows that the mail bag had been thrown there previous to the accident. The usual course of passengers in getting on to the train was south from the station door to the passenger car, and the point was whether the mail bag was ever thrown off south of the station door. Two witnesses testified upon this subject on the part of the plaintiff. One testified that he had been at that train nearly every week for two years; had seen the mail bag thrown off south of the entrance prior to the night in question, and within two years quite often; " not every time I have been along there, but more or less it has been thrown off there : probably thrown off there twenty times within the two years at least calculation : it was thrown off from twelve to fifteen feet south of the waiting room door on the platform ; may be twenty feet sometimes ; it varied according to where the train stopped ; " that he took no pains to keep track in his mind of the number of times it went off at any particular place. The other witness for the plaintiff testified that before the date in question he had

seen the mail bag thrown out on to the platform at different places; had seen it thrown out as far south as thirty feet from the waiting room door; could not state how frequently he had seen it thrown off south of that door; had seen it thrown off there a great many times; could not fix any particular occasion or date.

On the part of the defendant there was evidence that the train always stopped far enough north to place the door of the mail car north of the waiting-room door. The conductor of the train testified that the mail bag was never, to his knowledge, before this occasion, thrown off south of the station waiting room. He also said that as a general thing he never paid any attention to where the mail was thrown off. One of the trainmen gave similar evidence, and also testified that the trainmen have nothing to do with the mail compartment or the mail. The station agent testified that he never saw the mail bag thrown off south of the waiting-room door on any occasion when the train stopped at that station. Mr. Bryant, whose business it had been for two years and upwards before this accident to carry the mail to and from the station, testified that during this time he had delivered the mail at the mail car and received mail from it; that prior to this night he received the mail off the car standing north of the entrance to the station; that prior to this night he never saw the bag thrown off this train at a point south of the waiting room, and that this was the first occasion he knew of its being thrown there. It was the business of Mr. Bryant to be at the station and look after the mail bag, and he had the means of knowing whether it was left south of the station door. In view of his evidence it should not be said that upon the uncontradicted evidence the mail bag had been previously thrown off in the way of passengers. It was a question of fact for the jury to pass upon.

The request was material. For the court had, in substance, previously charged that the jury might predicate actionable negligence upon the failure of defendant to sufficiently light the depot to enable the plaintiff to avoid the obstacle, without reference to the circumstance whether or not an obstacle of that kind had ever been there before. The request was material in order to obtain the benefit of the doctrine laid down in the *Carpenter* case.

Upon the evidence it was a question of fact whether the mail bag

had ever been thrown before in the way of passengers, and if so, whether the defendant, through its proper agents, knew it, or in the exercise of reasonable care ought to have known it. If so, the duty arose to use reasonable caution to prevent damage from the danger. (*Carpenter Case*, p. 501.) In that event the question might then arise whether the platform was sufficiently lighted to enable the plaintiff, in the exercise of reasonable care, to see and avoid the danger.

We are of the opinion that the request of the defendant should have been yielded to, and that it went so far towards the merits of the case, as it was finally submitted to the jury, that we have no right to disregard the error.

Many other questions are presented on behalf of the defendant, but it is not important now to consider them. In subsequent stages of the case, if they appear at all, they may appear in different light.

HARDIN, P. J., and MARTIN, J., concurred.

Judgment and order reversed upon the exceptions and a new trial ordered, with costs to abide the event.