*George P. Hotaling* for appellant.

*James F. Mc Naboe* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: POUND, CRANE, ANDREWS, KELLOGG and O'BRIEN, JJ.    Dissent: CARDOZO, Ch. J., and LEHMAN, J., on the ground of error in rejecting evidence of the invalidity of the assessment.

---

ANITA JOHNSON, Respondent, *v.* INTERBOROUGH RAPID TRANSIT COMPANY, Appellant.

*Negligence — railroads — injury to passenger from tripping over box left on platform of car.*

*Johnson* v. *Interborough Rapid Transit Co.*, 220 App. Div. 721, affirmed.

(Submitted December 5, 1927; decided January 10, 1928.)

APPEAL from a judgment, entered April 14, 1927, upon an order of the Appellate Division of the Supreme Court in the second judicial department, which reversed an order of the court at a Trial Term setting aside a verdict in favor of plaintiff and granting a new trial and directed the reinstatement of the verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant. The complaint alleged that plaintiff while attempting to alight from defendant's subway train at Times Square station, Manhattan, tripped over an obstruction, negligently left on the platform of said train, and fell between the platform of the train and the platform of the station, sustaining the injuries complained of. The trial court set aside the verdict for plaintiff on the ground that there was no evidence sufficient to justify the inference that defendant had knowledge of the presence on the platform of the box over which plaintiff tripped. The Appellate Division reinstated the verdict on the ground that " the evidence justified the inference that the box which obstructed the passenger's exit was last seen by defendant's servant and in the control and possession of defend-

ant.   The defendant vouchsafed no explanation of the character of the box and offered no evidence that it was not an article belonging to the defendant or to one of its employees and utilized in defendant's business."

*Bayard H. Ames* and *James L. Quackenbush* for appellant.

*Ralph G. Barclay, Jay S. Jones* and *Jacob Saul Barshay* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

MURRAY A. DODDS, Respondent, *v.* DE GRASSE PAPER COMPANY, Appellant.

*Riparian rights — water and water courses — injunction — defendant restrained from discharging from its mill into a stream flowing through plaintiff's land substances in quantities sufficient to cause damage.*

*Dodds* v. *De Grasse Paper Co.*, 220 App. Div. 786, modified.

(Argued December 6, 1927; decided January 10, 1928.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered May 24, 1927, unanimously affirming a judgment in favor of plaintiff entered upon the report of a referee. The action was for an injunction and damages alleged to have been caused by the defendant discharging refuse into the Grasse river from its paper mill at Pyrites, St. Lawrence county, N. Y., which in turn was alleged to have been deposited by river floods on the plaintiff's farm.   By the judgment the defendant was enjoined from depositing or discharging into the Grasse river from its mill any wood, pulp, paper, ground wood or any pulpy substances.

*John G. Jackson* and *Horace C. Hale* for·appellant.

*George H. Bowers* for respondent.

Judgment modified by providing that the defendant and *its* successors in interest be restrained from depositing or discharging into the Grasse river from its mill at