HUGH E. WHITE, Appellant, *v.* NEW YORK CENTRAL RAILROAD COMPANY, Respondent.

Third Department, January 15, 1930.

*Woollard & Cogan [Louis J. Rezzemini of counsel], for the appellant.*

*Whalen, Murphy, McNamee & Creble [Sherman A. Murphy of counsel], for the respondent.*

VAN KIRK, P. J.   About five-fifteen on a morning in December, two women, traveling together, left a Pullman car at the defendant's Albany station.   They were the only passengers leaving the train.   The Pullman porter carried their hand baggage from the car and placed it on the station platform.   There was no red cap present.   One of the women went to call a red cap.   The train did not move on immediately and the porter carried two or three of the parcels to the top of the stairway leading to the subway. He left the other woman with two or three remaining parcels, one of which was a suitcase.   This woman followed him some forty or fifty feet, carrying a small satchel; then, to watch the remaining

bags, she returned. During this brief interval these bags were unattended and plaintiff had fallen over the suitcase.

The platform is a concrete surface about eighteen feet wide, between two tracks. From this platform there is a stairway leading down to the subway, which in turn leads into the waiting room and to cab stands. This stairway was a considerable distance from the point where these passengers had alighted. It does not appear that there was on the platform any impediment or obstruction in the way of a passenger going to or from this train other than the aforementioned parcels. The plaintiff was a passenger going along this platform to take this train when he tripped over the suitcase before mentioned and sustained the injuries for which he seeks damages in this action.

The rule of duty resting upon the defendant was " to take reasonable care " that a passenger " shall while on its premises be exposed to no unnecessary danger or one of which it is aware, and requires it to provide for him a safe passage to the train." (*Carpenter* v. *B. & A. R. R. Co.*, 97 N. Y. 494, 497.) The rule of duty owed to a passenger approaching a train " differs from that which obtains in the case of an injury to a passenger while he is being carried over the road of the corporation and where the injury occurs from a defect in the roadbed, or machinery or in the construction of the cars * * *. The rule in the latter case requires from the carrier of passengers the exercise of the utmost care, so far as human skill and foresight can go, * * *. But in the approaches to the cars, such as platforms, halls, stairways and the like, a less degree of care is required * * *. The rule in such cases is that the carrier is bound simply to exercise ordinary care in view of the dangers to be apprehended." (*Kelly* v. *Manhattan R. Co.*, 112 N. Y. 443, 450; *Beltz* v. *Buffalo, R. & P. R. Co.*, 222 id. 433, 436.) So the rule as above stated applies in this case. The measure of duty is reasonable care and such care is to be exercised to protect passengers from any unnecessary danger, or from a danger of which the railroad company is or ought to be aware.

The trial court in a very clear charge submitted to the jury the one question whether or not the lighting of the platform was such as a careful and prudent person would provide under such circumstances. The question presented here was raised by an exception to the charge and refusal to charge as requested. The plaintiff excepted to the charge which limited the question of liability to sufficient lighting of the platform and asked the court to submit to the jury the question of defendant's negligence " in having permitted the bags in question to be placed and remain upon the

platform in question." There was also an exception to the court's refusal to set aside the verdict.

A porter serving in a Pullman car, which is a part of one of defendant's trains, is to be regarded as a servant of defendant when performing duties in assisting passengers in alighting from the car with their hand baggage. (*Thorpe* v. *N. Y. C. & H. R. R. R. Co.*, 76 N. Y. 406; *Pennsylvania Co.* v. *Roy*, 102 U. S. 451.) Hand baggage is commonly in the custody of the passenger, and the presence of such baggage is a usual incident of travel. It is also customary that porters in Pullman cars take such baggage from the car and place it upon the platform, where it is delivered again into the custody of the passenger. It is not the duty of a Pullman porter to watch this baggage after its owner has reached the platform and identified his baggage. In the instant case the porter had deposited this hand baggage in about the center of this platform and the two owners of the baggage had identified it. When so placed it was in a proper position under the circumstances, left a safe passageway for passengers along the platform eighteen feet wide and subjected no passenger to any unnecessary danger. Had the train left immediately the porter would have gone with his train and would have fully discharged his duty to passengers coming or going. That he of good nature attempted to assist these two unattended women with their baggage was merely an act of courtesy; he did not thereby resume custody of the remaining baggage. When he carried some of the parcels to the head of the stairway, one of the women still was with the remaining baggage; that she followed him a short distance toward the stairway and had not returned when the accident happened casts no duty or responsibility upon the porter or his employer. We conclude, therefore, that there was no liability upon the defendant to be predicated upon the conduct of the porter.

The only obstruction upon this platform was the aforesaid two or three parcels of hand baggage. The accident did not occur from anything which was unusual or outside the ordinary occurrences which attend the transportation and care of passengers. Had the obstruction been a parcel of freight, or baggage carried in a baggage car, or mail bags, or other parcels, a different question would be presented. (*Ayres* v. *D., L. & W. R. R. Co.*, 158 N. Y. 254; *MacLennan* v. *Long Island R. R. Co.*, 20 J. & S. 22; *Johnson* v. *Interborough Rapid Transit Co.*, 247 N. Y. 523, affg. 220 App. Div. 721.) The handling of this hand baggage was in accord with the customary and necessary method. The parcels when left occupied but a very small part of the surface of the platform and left a safe passage for passengers going to the train; they were left

on the platform while the passenger was seeking a red cap to transfer them. Such a condition must happen daily on station platforms. It was not the duty of the railroad company to transfer the hand baggage from the platform where it had once been placed to a cab or to the ticket office. No actionable negligence is to be charged from the fact that it did not furnish servants on the platform to transfer this baggage. Nor was it negligent, if it knew the fact, in permitting the hand baggage to remain on the platform while the passenger was going to the station to procure a red cap to assist her in moving her baggage. It cannot be said that the presence of the handbag, over which plaintiff fell, was an unnecessary danger or a danger of which defendant was aware and, therefore, against which it should have guarded the plaintiff.

The judgment and order should be affirmed, with costs.

HINMAN, DAVIS, WHITMYER and HILL, JJ., concur.

Judgment and order affirmed, with costs.