HARRIET B. SNOW vs. FITCHBURG RAILROAD COMPANY.

Middlesex.    Jan. 14. — Feb. 2, 1884.    C. ALLEN & HOLMES, JJ., absent.

A passenger on a steam railroad, who, while waiting, in a proper place and using
due care, on the platform at a station of the railroad corporation, to make a
necessary change from one train to another, is injured by being struck by
a mail-bag thrown, in accordance with a custom known to the corporation,
by a mail-agent in the employ of the United States, from a mail-car belonging
to the corporation on one of its express trains running at a high rate of speed,
may maintain an action for such injury against the corporation.

TORT for personal injuries occasioned to the plaintiff, by being
struck by a mail-bag thrown by a mail-agent in the employ of
the United States, from a mail-car belonging to the defendant
on one of its trains.    Trial in the Superior Court, without a
jury, before *Staples*, J., who found for the plaintiff; and the de-
fendant alleged exceptions.    The facts appear in the opinion.

*W. S. Stearns*, for the defendant.

*J. T. Joslin*, (*G. A. King* with him,) for the plaintiff.

COLBURN, J.    The plaintiff was a passenger on the railroad
of the defendant, and properly on the platform at the station,
waiting to make a necessary change from one train to another.
There is no claim that she was in an improper place, or in any
way wanting in due care.    The plaintiff sustaining this relation
to the defendant, and being in this place, the defendant was
bound to exercise towards her such care and diligence as could
reasonably be exercised to protect her from such injuries as
human foresight could anticipate and prevent.

The defendant voluntarily furnished a car to run on its ex-
press train, from which it knew that mail-bags were to be
thrown at the station where the plaintiff was, when the train
was under full speed.    Obviously, unless good judgment and
great care were used by the mail-agent in throwing out the bags,
which had the momentum of a train moving at the rate of thirty
miles an hour, or forty-four feet a second, danger was likely to
result to passengers on the platform of the station.

There was evidence in the case tending to show that mail-
bags had not unfrequently been thrown from this car, in such
a way as to strike upon the platform where the plaintiff stood;
and if this evidence was believed, the court was justified in

inferring that the defendant knew, or, in the exercise of proper care, ought to have known this. It was within the power of the defendant to prevent this practice of throwing out mail-bags, if in no other way, by withholding the use of the car, or by stopping the train at the station. The case presented is unlike that of the act of a passenger, which the defendant had no reason to anticipate or power to prevent.

We are of opinion that the court was justified in refusing to rule, as requested by the defendant, that the plaintiff was not entitled to recover. *Exceptions overruled.*