CASE 43—PETITION ORDINARY—NOVEMBER 13.

# Williams v. Louisville & Nashville Railroad Co.

### APPEAL FROM HART CIRCUIT COURT.

RAILROADS—LIABILITY FOR INJURY TO ONE STRUCK BY MAIL-POUCH THROWN FROM TRAIN.—Where one who was at a railroad station for the purpose of assisting a shipper in loading live stock was, while standing on the passenger platform, struck and injured by a mail-pouch, thrown from a passing train, the company was liable to him for the injuries sustained, it appearing that it was the custom of those in charge of the mail to throw the mail-pouch upon the platform as the train passed. And in this action by him to recover of the company for the injuries sustained it was error to give a peremptory instruction to find for defendant.

S. M. PAYTON FOR APPELLANT.

1. A railway company, which knowingly and habitually suffers mail bags thrown upon its passenger platform from rapidly moving trains, is, directly and individually, liable to a person who may be injured thereby while on such platform and sustaining at the time a contractual relation to such company. (Carpenter v. Boston & Albany R. Co., 97 N. Y., 497; Snow v. Fitchburg R. Co., 136 Mass., 552; Muster v. Chicago M. & St. P. R. Co., 18 Am. & Eng. R. Cases, 113.)

2. A railway company is under a duty extraordinary to protect from injury while on its premises, its own passengers and their attendants, and consignors, consignees and their agents, personally assisting in the reception, carriage and delivery of their freight. (Patterson on Railway Accident Law p. 143; Pierce on Railroads, 276.)

3. When a person in the course of the performance of a contract made with a railroad company comes upon its line, station, station-approaches or surroundings, there arises an implied warranty upon its part to him that its station, approaches and surroundings are safe, and that he shall not be injured by it, in the course of its business while there. (Patterson on Railway Accident Law, p. 200; Pierce on Railroads, p. 275-6; White v. C., N. O. & T., P. R. Co., 11 Ky. L. R., 689; Shelby's Adm'r v. C., N. O. & T., P. R.

Co., 8 Ky. L. R., 928; Nicols v. C., O. & S. W. R. Co., 8 Ky. L. R., 519; Bennett v L. & N. R. Co., 102 U. S., 577; N. O., M. & C. R. Co., v. Hanning, 15 Wall., 649; Carlton v. F. I. Co., 99 Mass., 216; St. I. M. & S. R. Co. v. Fairbarn, 30 Am. & Eng. Enc. R. Cases, 166; Hamilton v. T. & P. R. Co., 21 Am. & Eng. R. Cases, 336.)

4. A person sustaining a business relation to a railway company has a right to assume that he can, at all times, stand in safety from injury by it, upon its passenger-platform, and, if negligently injured by it while there, in the course of its busintss, the question of liability on its part will not be an issuable one, but follows as a mere matter of course. (Doboeski v. Sharp, Receiver, 88 N. Y., 203; Jeffersonville R. Co. v. Riley, 39 Ind., 568.)

5. A person sustaining a business relation to a railway company has a right to use its platform in the condition in which he finds it; and if he sustains injury in consequence of its insufficiency, the fact that he knew, or might nave known, that it was insufficient, will be an immaterial question so far as concerns its liability for such injury. (White v. C., O & T. R. Co., 11 Ky. L. R., 689; Southworth v. S., T. G. Co., 91 Ky., 485.)

6. When a person is injured by the concurrent negligent act of two or more persons, all are jointly and severally liable therefor. (D., L. & N. Co. v. Stewart, 2 Met., 119; L., C. & L. Co. v. Case, 9 Bush, 720; C., P. R. Co. v. Kuhn, 9 Ky. L. R., 729.)

J. A. MITCHELL FOR APPELLEE.

As appellant had no business on the platform, either as a passenger or by reason of employment in loading the cattle, but was a trespasser to whom appellee owed no duty, except after discovering his peril, the peremptory instruction to find for appellee was proper. (Shelby's Adm'r v. Cincinnati, &c., R. Co., 85 Ky., 225; Oattes v. Railroad Co., 15 Ky. L. R., 87; Carpenter v. Railroad Co., 97 N. Y., 494.)

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

In this case it appears that the firm of Dawson & Wood were shippers of live stock over the road of the appellee, and the appellant, Martin Williams, had been employed by this firm to assist in loading the stock by means of a chute that led to the car on a side track of appellee's road. After the stock had been placed on the car

some of the cattle were down, and this appellant, in order to prevent injury to those in that condition by the cattle standing over or upon them, endeavored to make them get up, and in order to do this, he had to go into the space between the side track and the main track of appellee's road. While in this position he heard the whistle of the fast passenger and mail train approaching, and, it being dangerous to remain in the position he was, left this space between the two tracks, going across the main track to the passenger depot of the appellee, and, while walking on the platform of the depot, was struck in the back of the head by the mail pouch that had been thrown on the platform by the carrier as the train passed, and was injured.

The accident occurred at night and the train was moving at a speed of forty or fifty miles an hour. It appears from the testimony that if the appellant had gone from his original position between the tracks to the east side of the road all danger would have been avoided, but, when seeing the danger, stepped or ran to the west instead of the east side of appellee's roadbed.

On this testimony the court instructed the jury to find for the defendant, and this is the error complained of.

It is plain that appellant, when engaged in the loading of this stock for shipment, although the agent of Dawson & Wood, had the right to be on the roadbed of the appellee, and between the tracks when necessary, to protect the stock placed in the cars for shipment. There was no train approaching the depot at the time, or rather so near it as to cause any danger of personal injury from the passing train, nor had the appellant any reason to anticipate being injured by the throwing of this mail pouch from the train as it passed. He assumed the risk of leaving his position be-

tween the tracks as soon as he heard the train's approach, and, when leaving it, stepped on the platform of the appellee, where he had every reason to believe he was in no peril.

It is true if the appellant had gone to the east instead of to the west side of the track he would have avoided any injury, but in the exercise of his judgment, that seems to have been both rational and prudent, he placed himself on the appellee's platform and in this way supposed he would avoid all danger from the passing train.

Neither the appellant nor those employing him were trespassers, but were at the time shippers of stock on appellee's road, the appellant being employed to assist in conducting the business relations between the shippers on the one side and the railroad company on the other, and whether the appellant took his position on the one side of the track or the other in order to avoid injury is an immaterial question in determining his right of recovery in this case.

It appears in evidence that it was the habit of those in charge of the mail to cast the mail pouch on this platform as it passed, and the danger to those who had the right to be on the platform from such recklessness as this could have been foreseen by anyone exercising the slightest precaution for the safety of others.

The appellant and his employers had been invited by this contract of shipment to enter on the premises of the defendant in order to its execution, and to say that this agent of one of the parties, under the circumstances, had no right to protection from personal injury or even the right to go upon appellant's platform, is not sustained by reason or authority. The appellant had no ground for believing he was in danger of being injured, but, on the contrary, had every reason to believe he was in a place of safety.

Williams v. Louisville & Nashville Railroad Co.

"The company is under a duty to keep its premises safe for public use when it expressly or by its conduct invites or induces such use, and it is liable to a person using them under such invitation or inducement who suffers injury in the management of trains at such place." (Pierce on Railroads, 275.)

In the case of Carpenter v. Boston & Albany Railroad Company, 97 New York, 500, the court, in speaking of those who have the right to be on the platform of the depot of the railway company in a case where a passenger or one about to take passage has been injured, as in this instance, said: "It could have been foreseen, and the defendant owed a duty to those who might probably be on the platform, either to prohibit the practice which made the place dangerous or exclude the passenger until train time, or provide some other way for ingress to the cars," etc.

While the case cited involved the right of a passenger to protection, the same rule should apply to all who have the right to be on the platform, holding the company responsible for such conduct on the part of those under its control.

In the case of a passenger, the duty to prevent injury may be greater on the company than that required to be exercised for the protection of those who are on the platform, still the defendant or those in charge of the train, knowing, or having every reason to believe, that such an act would result in injury to persons on the platform, ought not to escape liability for no reason than that of the appellant not being a passenger or on the platform for the purpose of boarding the train.

The rule recognized in several cases is, "that a railroad company which knowingly or habitually suffers mail bags thrown upon its passenger platform from rapidly moving trains is directly and individually liable to a person who may

be injured thereby while on such platform and sustaining a contractual relation to the company." (Snow v. Fitchburg R. Co., 136 Mass., 552; Muster v. Chicago & St. P. R. Co., 18 American & English R. Cases, 113.)

The defendant certainly owes some duty to those who are not passengers, but whose presence at the depot and on the platform is required for the purpose of receiving passengers or friends, or while there in the discharge of business arising between the company and the shipper. Appellant had the right to assume that his presence on the platform was not prohibited by any rule of the company, and that he had the right to be there under the circumstances of this case, is unquestioned. (Pierce on Railroads, pages 275-6.)

The case, upon the plaintiff's testimony, should have gone to the jury.

Reversed and remanded for a new trial and for proceedings consistent with this opinion.

To a petition for rehearing filed by counsel for appellee Chief Justice Pryor delivered the following response of the court:

The appellant filing a petition for rehearing, the court in response calls the attention of counsel to the case of Galloway v. Chicago &c. Ry. Co., 56 Minn·, 346, where the railway company was held liable upon a state of fact very similar to the case before us.

Petition for rehearing is overruled.