## WILBER v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Third Department.    May 25, 1897.)

NONSUIT—PREPONDERANCE OF EVIDENCE.

A nonsuit was properly granted at the close of the evidence in an action for personal injuries received at a railroad crossing, where seven witnesses testified that the flagman at the crossing waved his flag and hallooed at plaintiff to warn him of the approaching train, six witnesses testified that the whistle on the locomotive was duly blown, and eight witnesses testified that they saw plaintiff running towards and across the track, and the only evidence to the contrary was the testimony of plaintiff and one other witness.

Appeal from trial term, Schenectady county.

Action by Benjamin F. Wilber against the New York Central & Hudson River Railroad Company for personal injuries. A nonsuit was ordered at the close of the testimony, and plaintiff appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, and MERWIN, JJ.

P. C. Dugan, for appellant.
S. W. Jackson, for respondent.

HERRICK, J. This case has heretofore been before this court upon an appeal from a judgment of nonsuit granted by the court at the close of the plaintiff's testimony. 8 App. Div. 138, 40 N. Y. Supp. 471. It now comes before us from a judgment upon a nonsuit granted by the court after all the evidence in the case had been given. The plaintiff's version of the transaction will be found set forth in the opinion of the court when this case was last before us, and there is no need to repeat it now. It will be seen that at that time the plaintiff relied very largely upon the alleged facts that, at the time he approached the crossing of the defendant, there was a high wind, and snow was blowing, which he alleged prevented him from seeing any distance; that there was a flagman standing at the crossing with his flag in his hand, down; that there was no whistle blown or bell rung to give warning of the approaching train. These facts were not contradicted by the defendant, no evidence having been given by it, and the court then held "that the absence of any warning from the flagman is a material element on the question of the contributory negligence of the plaintiff." Upon this trial the overwhelming weight of evidence is that the flagman, instead of standing still and giving no warning, waved his flag and hallooed to the plaintiff, in his endeavors to warn him of the approaching train, to stop him from crossing the track. This is testified to by seven witnesses, including the flagman. Six witnesses swear that the whistle was blown at the proper place and time to give warning of the approaching train. Eight witnesses testify that they saw the plaintiff running towards and across the tracks at the time; seven of them, that they saw the flagman waving his flag, and hallooing to him to stop. The evidence of all these witnesses is only contradicted by the story of the appellant and one other

witness; so that, if any credence is to be given to human testimony, the overwhelming weight of evidence is that the flagman was in his place, doing his duty, and that the plaintiff, instead of approaching a place of danger in a cautious and prudent manner, recklessly ran into it. The weight of testimony, it seems to me, is also to the effect that the train could be seen for quite a long distance, and that there was not sufficient wind or snow blowing to obstruct the vision and prevent the train from being seen. However, upon that point, if the case was to turn upon that question, there is perhaps sufficient evidence for the jury to find that the plaintiff's story in that respect was true. But assuming that the atmosphere was filled with blowing snow, so as to obscure the plaintiff's vision, it was then the more incumbent upon him to approach the crossing with a care and caution commensurate with the dangers of the place, which would be increased, if the plaintiff's testimony is true, by the blowing snow. This he did not do. Further discussion of the case is unnecessary. It is an entirely different case now from that which was presented to us before upon the last appeal. The evidence is so preponderating that the plaintiff's own negligence contributed to the injury, that if the case had been submitted to the jury, and they had found a verdict for the plaintiff, we would have felt compelled to set it aside as against the weight of evidence.

The judgment and order appealed from should therefore be affirmed. All concur.