## St. Louis, C. & St. P. Ry. Co. v. George Waggoner.

1. RAILROADS—*Liability to Employes Riding upon Passes.*—An employe of a railroad company, riding upon a pass to and from his residence to the place of his employment. is entitled to the same care and protection due to other passengers.

St. L., C. & St. P. Ry. Co. v. Waggoner.

2. SAME—*Liability for the Acts of Government Agents in Charge of the Mail.*—As the government compels the railroads to carry the mails, designates the trains upon which they are to be carried, appoints the clerks and agents to receive and discharge the same and pays them for their services, a railroad company is not liable for their negligence; but this rule does not apply where a postal clerk has been guilty of negligent or reckless acts or conduct, likely to cause injury to passengers or others lawfully on the premises of the company, of which acts it had notice, or might by the exercise of reasonable diligence have known.

**Trespass on the Case,** for personal injuries. Error to the City Court of Alton; the Hon. SILAS COOK, Judge, presiding. Heard in this court at the February term, 1900. Reversed and remanded. Opinion filed September 8, 1900.

WISE & McNULTY, attorneys for plaintiff in error.

DUNNEGAN & LEVERETT, attorneys for defendant in error.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action in case, by defendant in error against plaintiff in error, to recover damages for personal injury. Trial by jury. Verdict and judgment in favor of defendant in error for $600.

Defendant in error was in the employ of plaintiff in error as night telegraph operator at Lock Haven, and for his services was paid $40 per month, and was given transportation over plaintiff in error's railroad, to and from the place of his work. He resided in Upper Alton and traveled daily on plaintiff in error's passenger train between Alton and Lock Haven. On the evening of February 25, 1898, while waiting, on the passenger platform at Alton, to take the train to go to his work, he was struck on the knee by a mail pouch thrown or dropped onto the platform by a United States postal clerk from the mail car which formed part of the train, whereby he received the injury complained of.

The relation sustained by defendant in error to plaintiff in error, entitled him to the same care and protection due to other passengers. This brings us to the controlling question in the case and that is, as to the responsibility of a

railroad company for the negligent or reckless acts of a United States postal clerk in charge of mail being carried by such company, upon trains designated by the government to carry such mail.

The general rule is as stated in Vol. 13 Am. & Eng. Ency. of Law:

" The government compels the company to carry the mails, and designates the trains upon which they shall be carried. It appoints the clerks and agents to take charge of the mail, to receive and discharge the same. Such clerks and agents are paid by the government and answerable only to the government for the manner in which they shall discharge their duties. The railroad company, having no control over them, is not liable for their negligence."

This general rule does not apply where such postal clerk has habitually been guilty of negligent or reckless acts or conduct, likely to cause injury to passengers or others lawfully on the premises of the railroad company, of which the railroad company had notice, or might by the exercise of reasonable diligence have known. In Galloway v. C., M. & St. P. R. R. Co., 23 L. R. A. 442, it is said:

" Inasmuch as the mail agent (postal clerk) was not the servant of defendant, it is not claimed the railroad company would be liable for his negligence, however gross, on this occasion only. To render it liable for the negligence of the mail agent, this government employe must have practiced a dangerous method of discharging mail sacks on the platform at this station so habitually or so frequently, as to charge the company, as part of its duty to its passengers and others occupying its depot platform by its invitation or license, with notice, actual or inplied.   *   *   * While the railway company had no power to interfere with the mail agent in the discharge of his official duties, yet it was its right, as well as duty, to prevent him, while on its cars and on its premises, from continuing any negligent practice of which it had notice, and which was liable to cause injury to passengers and others lawfully there."

To the same effect are Carpenter v. The B. & A. R. R. Co., 97 N. Y. 494; Snow v. Fitchburgh R. R. Co., 136 Mass. 552; Sargent v. The St. L. & San F. Ry. Co., 114 Mo. 348, and O. & M. Ry. Co. v. Simms, 43 Ill. App. 260.

At the instance of defendant in error the trial court gave to the jury the following instruction :

" If the jury believe from the evidence in this case that the plaintiff was employed by the defendant as telegraph operator at Lock Haven, and that, as part of his compensation, he was given a pass entitling him to transportation on its passenger trains between Alton and Lock Haven in going to and returning from his work, and that on or about said February 25, 1898, he went upon the platform at defendant's passenger depot in Alton for the purpose of boarding a passenger train of the defendant to be carried to Lock Haven to go to work, and that while the plaintiff was in the exercise of reasonable care for his own safety he was struck by a mail pouch thrown on the platform from a train of defendant, whereby he was injured, as alleged in the declaration, and that the person throwing the mail sack acted carelessly and negligently, then they should find defendant guilty."

This instruction does not correctly state the law. It makes the railroad company liable for a single negligent act of a postal clerk in charge of the mail being carried on its train, without requiring proof that such act was an habitual or frequent act of the postal clerk, and that the company had notice or by the exercise of reasonable diligence might have known of such habit. The giving of this instruction was error, and such error as could not, under the issues and evidence of this case, be cured by an instruction given on behalf of plaintiff in error. One correct instruction will not always cure an erroneous one. In Hodge v. The People, 117 Ill. 35, the court, in an opinion by Mr. Justice Schofield says :

"Where instructions which are objectionable are cured by other instructions, the latter must either directly refer to and explain and qualify the former, or be supplementary to the former and supply what was omitted from the former. * * * But where one instruction says the law is one thing with regard to a particular matter or state of circumstances, and another instruction says that the law is another and materially different thing with regard to precisely the same matter or state of circumstances, the instructions are repugnant, and no repetition of correct instructions can cure the error * * * for the jury,

assuming, as is their duty, that they are all correct, may as readily follow those that are incorrect as those that are correct."

The judgment of the City Court of Alton is reversed and the cause remanded.