CLIFFORD v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Third Department. March 7, 1906.)

RAILROADS—INJURY TO PERSON ON HIGHWAY—NEWSPAPERS THROWN FROM
TRAIN.

 A railroad whose tracks ran along the side of a highway was liable for
an injury to one at work upon the opposite side of the highway by being
hurt by a bundle of newspapers thrown from a moving train, on proof of
the existence of a custom of throwing off papers at such place, which
was known to the company.

 [Ed. Note.—For cases in point, see vol. 41, Cent. Dig. Railroads, §§ 1252,
1253.]

Appeal from Trial Term, Rensselaer County.

Action by Charles Clifford against the New York Central & Hudson
River Railroad Company. From a judgment dismissing the complaint,
plaintiff appeals. Reversed.

The plaintiff was at work upon the sidewalk in front of a hotel at Castleton,
N. Y. Upon the opposite side of the highway ran the defendant's road. Upon
June 19, 1904, while the plaintiff was thus at work, one of the defendant's
trains passed through Castleton. From this train was thrown a bundle of
Sunday New York newspapers, which struck the ground with great force,
and, rebounding, hit the plaintiff, knocking him down on the brick walk, and
rendering him unconscious. This bundle of papers weighed about 75 pounds,
and was thrown while the train was thus running at the rate of about 60 miles
per hour. For the injury thus received the plaintiff has sued the defendant
company. Upon the trial the plaintiff's complaint was dismissed. From the
judgment of dismissal the plaintiff has here appealed.

Argued before PARKER, P. J., and SMITH, CHESTER, KEL-
LOGG, and COCHRANE, JJ.

Martin A. Springsteed, for appellant.
Harris & Rudd (William P. Rudd, of counsel), for respondent.

SMITH, J. In Dwyer v. President, etc., of the D. & H. Canal Co.,
affirmed in this department without opinion (17 App. Div. 623, 47 N.
Y. Supp. 1135), plaintiff was walking along a highway adjoining a rail-
road, and was struck by a bundle of papers which was thrown from a
passing train by a person who was not an employé of the railroad com-
pany, but was an employé of a news company which was accustomed to
take its papers over this road, and employed a man for the purpose of
putting them off at different stations. In that case Justice Alton B.
Parker at the trial term submitted to the jury the question as to wheth-
er it was the custom thus to throw these papers from the moving train,
and as to whether that custom was known to the railroad company;
charging that, if the defendant in that case knew of that custom and per-
mitted it, it thereby became liable to the plaintiff for any damages suf-
fered by him therefrom. The jury found a verdict for the plaintiff,
and the judgment entered thereupon was unanimously affirmed in this
court.

The defendant seeks to distinguish that case from the case at bar
by claiming that there is no proof here of the existence of any custom
of throwing off these papers which was known to the defendant com-
pany. That is probably so. The lack of proof, however, seems to have

been due to an erroneous ruling of the trial judge in rejecting such testimony·when offered.   John H. Porter was called as a witness for the plaintiff, and swore that he purchased Sunday papers, and received them by this train.  He swears that he was down to the train, and signaled to the man to throw off the papers where he stood.   It is unnecessary to repeat here the colloquy that occurred between the counsel and the court, during which questions were asked by plaintiff's counsel tending to show such custom, and, upon objection made, the evidence was excluded.   The final question was asked:  "When have you seen your papers thrown off there Sunday mornings previous to June 19, 1904?"   This was objected to as before, objection sustained, and exception.   Plaintiff's counsel thereupon stated:

"If your honor please, if this had been a custom there of throwing off papers, and the papers had come up there before, I think it is competent to show they did this as a habit repeatedly.  If they were only thrown up there on this brick walk once, it would be a different thing.  I desire to show it for that purpose, and for that purpose I ask the question, and you give me an exception. The court:  You have already asked it, and have already taken an exception."

After this ruling, it would seem to have been an impertinence for plaintiff's counsel to further persist in placing such evidence before the court.   We are unable to distinguish this case in principle from the case heretofore decided by us, and upon the doctrine of res adjudicata must reverse the judgment, and order a new trial.   See, also, Snow v. Fitchburg Railroad Co., 136 Mass. 552, 49 Am. Rep. 40; Galloway v. Chicago, M. & St. P. Ry. Co., 56 Minn. 346, 57 N. W. 1058, 23 L. R. A. 442, 45 Am. St. Rep. 468; Ohio & Mississippi Railway Co. v. Simms, Adm'r, 43 Ill. App. 260.

Judgment reversed, and new trial granted, with costs to appellant to abide the event.   All concur.