therefore one which a court of equity will not enforce. To the extent that the contract restrained the defendant from engaging to work for any individual, firm, or corporation engaged in a similar line of business in the state of New York for a period of two years after the termination of the defendant's employment with plaintiff, the contract will undoubtedly be refused enforcement in a court of equity, as it was refused in the case of Tolman v. Mulcahy, 119 App. Div. 42, 103 N. Y. Supp. 936. But in that case the court did enforce the valid provisions of the contract, and we think this court should do the same in this case.

The plaintiff in this case does not seek to restrain the defendant from entering the employment of the Great Atlantic & Pacific Tea Company, or of any other rival concern. It does not complain of his acts in so doing; but it does ask that he be restrained from interfering with the trade, custom, or good will of the plaintiff, and from making use of the knowledge or information gained from or contained in plaintiff's original list of customers, and from canvassing and soliciting orders from the plaintiff's former customers. This the plaintiff is entitled to, and it works no hardship to the defendant, or to the Great Atlantic & Pacific Tea Company, who now employ him. Such a limited restriction on the defendant's activities has been held over and over again as not unlawful restraints of trade.

Let an order be entered denying the motion to vacate the temporary injunction heretofore granted, with $10 costs of the motion.

---

HOGLE v. H. H. FRANKLIN MFG. CO.

(Supreme Court, Appellate Division, Fourth Department. November 11, 1908.)

1. MASTER AND SERVANT (§ 306*)—INJURIES TO THIRD PERSONS—MISCONDUCT OF SERVANT—NEGLIGENCE OF MASTER.

One operating a factory, who has knowledge of the practice of his workmen of habitually throwing missiles therefrom while under his control onto the lands of another in a manner likely to injure persons there, and who fails to use reasonable means to suppress the practice, is liable for a personal injury inflicted by a missile thrown from the factory, though the act was done maliciously, and not within the scope of the employment. •

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1230, 1232; Dec. Dig. § 306.*]

2. MASTER AND SERVANT (§ 308*)—INJURIES TO THIRD PERSONS—MISCONDUCT OF SERVANT.

The general rule that a master is not liable for a malicious act of his servant, not done within the scope of his employment, does not relieve the master from his own neglect to use reasonable means to prevent a dangerous practice carried on by workmen under his control and on his premises.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1234; Dec. Dig. § 308.*]

3. MASTER AND SERVANT (§ 308*)—INJURIES TO THIRD PERSONS—MISCONDUCT OF SERVANT—NEGLIGENCE OF MASTER.

One at work in her garden was struck by a piece of iron thrown from an adjoining factory. It had been the daily practice of the workmen in

the factory for a year or more to throw pieces of iron from the windows of the factory onto the garden, in disregard of the safety of persons there. The owner of the factory had been informed of the practice; but it was continued until the time of the accident. · *Held*, that the jury were warranted in finding that the owner of the factory was negligent in failing to use reasonable means to prevent the practice, authorizing a recovery.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1234; Dec. Dig. § 308.*]

McLennan, P. J., dissenting.

Appeal from Trial Term, Onondaga County.

Action by Mary A. Hogle against the H. H. Franklin Manufacturing · Company. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

See 105 N. Y. Supp. 1094.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Jerome L. Cheney, for appellant.
Frank C. Sargent, for respondent.

KRUSE, J. The plaintiff seeks to recover damages for personal injuries. A piece of iron was thrown from the defendant's factory, hitting the plaintiff and hurting her. She was at work in her garden at the time. The defendant's factory premises adjoined the garden, which is in the rear of the house where the plaintiff lives with her husband and family. The evidence is ample to support the finding that the missile was thrown by a workman in the factory. The jury could find from the evidence that it had been the practice of the defendant's employés working in the factory, for a year or more, to throw pieces of iron, such as old bolts, nuts, and other articles, from the windows of the factory upon the adjoining premises, where the plaintiff lived and was hurt. According to her testimony it was of daily occurrence. She mentions several instances when the safety of children in the yard was endangered. Once a file was thrown, which just passed over her little son. At another time a bolt was thrown at another son, a larger boy. Things were thrown at the neighbors' children in her yard at other times. The practice commenced in the spring of 1905 and continued till she was hurt in August, 1906. She testifies that she saw things thrown at least once a day during that time. ·Her evidence is corroborated by circumstances which tend to show that this practice was not only habitual, but in reckless disregard of the safety of herself and her children.

Complaint of the practice was made to the defendant upon several occasions. The plaintiff's husband, upon one occasion, took a handful of nuts and bolts and a file, which had been picked up in his yard, went to the defendant's office, and called attention to the practice of throwing things, as has been described, and was assured by the defendant's representative that he would see that the practice was stopped. The owner of the premises, of whom the plaintiff's husband rented, likewise complained of the dangerous practice. It was, however, continued until the plaintiff was hurt. The learned trial court

held that, if the defendant had notice of this practice, it was required to use reasonable efforts to prevent it, and charged the jury that if the defendant did not make reasonable efforts to prevent these trespasses, and the injury resulted therefrom, the defendant is liable for the consequences of the injury, and refused to charge, as requested by defendant's counsel, that there can be no recovery unless the jury find that the piece of iron was thrown as a necessary consequence of the work being carried on there, or as incident to it, and likewise refused to charge that the defendant cannot be held liable for malicious injury inflicted by one of its servants, unless the same was done within the scope of his employment. Other requests, similar in substance, were refused, and the defendant's counsel excepted.

The question is thus presented whether one who owns and operates a factory, having knowledge of the practice of his workmen habitually throwing missiles from his factory, while in his employ and under his control, upon the lands of another, so as likely to injure persons there, and fails to use reasonable means to suppress the same, is liable for a personal injury so inflicted, although done maliciously and not within the scope of their employment. We think the question must be answered in the affirmative. Dwyer v. President of Delaware & Hudson Canal Co., 17 App. Div. 623, 47 N. Y. Supp. 1135, affirming the judgment of the court below without opinion, and referred to in Clifford v. N. Y. C. & H. R. R. R. Co., 111 App. Div. 810, 97 N. Y. Supp. 954; Carpenter v. Boston & Albany Ry. Co., 97 N. Y. 494, 49 Am. Rep. 540; Swinarton v. Le Voutillier, 7 Misc. Rep. 639, 28 N. Y. Supp. 53, affirmed in 148 N. Y. 752, 43 N. E. 990; Conradt v. Clauve, 93 Ind. 476, 47 Am. Rep. 388; Fletcher v. Baltimore & Potomac R. R. Co., 168 U. S. 135, 18 Sup. Ct. 35, 42 L. Ed. 411.

It is true, as a general rule, that a master is not liable for a malicious act of his servant done under such circumstances. That, however, does not relieve the defendant from its own misconduct or neglect to use reasonable means to prevent the dangerous practice carried on by the workmen under its control and on its own premises. It seems to us that an owner cannot stand idly by and permit others to make his premises a standing ground for the habitual practice of bombarding his neighbors with pieces of iron and other dangerous missiles, and escape liability upon the plea that he did not authorize the same and that it was not done in furtherance of his business.

In Fletcher v. Baltimore & Potomac R. R. Co., supra, it appeared that the defendant's employés, on returning from their work on the work train, were permitted to bring back with them, for their own individual use, old ties, pieces of wood, and other refuse timber, for firewood, and throw them off the train near their homes while the train was in motion, and that in doing so a person in the street was hurt. The trial court in that case held that the defendant was not liable and directed a judgment in its favor. That judgment was affirmed in the Court of Appeals of the District of Columbia, but was reversed in the federal Supreme Court, and it was there held that if the defendant railroad company knowingly permitted such practice, and was negligent in failing to prevent the same, and injury resulted therefrom, the railroad company is liable, notwithstanding the act of the employé

which did the injury was beyond the scope of his employment and totally disconnected therewith.

So in this case, if the dangerous practice existed to the extent and for so long a time as claimed by the plaintiff, and the defendant had notice of it and failed to use reasonable means to prevent it, as the jury was warranted in finding from the evidence, we think the plaintiff is entitled to recover.

The judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur, except McLENNAN, P. J., who dissents.